## WILLIAMS *against* ENSIGN.

In an action of trespass *quare clausum fregit*, wherein the title was in question, the declarations of a person in the actual occupation of the land, made at the time of such occupation, that he held the land under one from whom the defendant derived title, and that he was to deliver him a part of the produce, were held to be admissible in evidence, to repel a claim of title in the plaintiff by adverse possession.

This was an action of trespass *quare clausum fregit;* tried at *Hartford, September* term, 1822, before *Chapman,* J.

The plaintiff claimed title to the premises described in the declaration, solely by adverse possession of fifteen years. The defendant claimed, that during the fifteen years, the land was possessed by *Elisha Williams,* who held the record title, and that during said time, *Williams* permitted one *Cotton* to use and occupy the land on shares. To prove that *Cotton* held the land under *Williams,* the defendant offered to prove, that while *Cotton* was in the personal occupation of the land, and was actually taking the crops therefrom, he repeatedly declared, that he held the land under *Williams,* and was to deliver to him a part of the produce thereof. At the time of the trial, *Cotton* was dead. The defendant claimed title under *Williams.* To the admission of this evidence, the plaintiff objected; and the judge ruled it out. The plaintiff having obtained a verdict, the defendant moved for a new trial, on the ground that the evidence offered by him, was improperly rejected.

*I. Perkins* and *T. C. Perkins,* in support of the motion, contended, 1. That the declarations of *Cotton* were admissible as part of the *res gesta. Phill. Evid.* 202. *Phelps* v. *Foot,* 1 *Conn. Rep.* 387. *Aveson* v. Lord *Kinnaird* & al. 6 *East* 188. *Bateman* & al. v. *Bailey,* 5 *Term Rep.* 512.

2. That if these declarations were not strictly and technically part of the *res gesta;* yet they were admissible, as the best evidence the nature of the case admitted of. *Davies* v. *Pierce* & al. 2 *Term Rep.* 53. *Holloway* v. *Rakes,* cited 2 *Term Rep.* 55. *Doe* d. *Foster* v. *Williams,* cited *ibid. Peaceable* d. *Uncle* v. *Watson,* 4 *Taun.* 16. *Nichols* v. *Hotchkiss,* 2 *Day* 127. *Doe* d. *Baggalley* v. *Jones,* 1 *Campb.* 367. *Walker* v. *Broadstock,* 1 *Esp. Rep.* 458. *Doe* d. *Hindly* v. *Richarby,* 5 *Esp. Rep.* 4. *Jackson* d. *Griswold* & al. v. *Bard,* 4 *Johns. Rep.* 230. *Jackson* d. *McDonald* v. *McCall,* 10

Hartford,
June,
1823.

*Johns. Rep.* 377.   *The King* v. *The Inhabitants of Hammer-smith, Peake's Evid.*   Append. lxviii.

3.   That these declarations were admissible as being made by a person, since deceased, *against his interest. Phill. Evid.* 191, 2.   *Higham* & ux. v. *Ridgway,* 10 *East* 109. 122. *Roe* d. *Brune* v. *Rawling,* 279. 290.

*Williams
v.
Ensign.*

*N. Smith* and *Johnson,* contra, insisted, That *Cotton,* being a mere stranger, having no interest in the land, though in fact upon it, his declarations were mere *hearsay,* and, as such, were properly rejected.

HOSMER, Ch. J.   Whether, while in possession of the premises in controversy, the declaration of *Cotton,* that he held under *Williams,* from whom the defendant derived title, and was to deliver him a part of the produce of the land, was admissible in evidence, is the only question in this case.

To ascertain the character of an act, or the intention with which it was performed, *hearsay* has often been admitted as part of the *res gesta.*   This, very frequently, is the best and only evidence, of which the nature of the case admits.

In *Bateman* & al. v. *Bailey,* 5 *Term Rep.* 512. upon the enquiry whether the departure of a trader from his dwelling-house amounted to an act of bankruptcy, a declaration of his motives for absenting himself, made at the time of his absence, was received in evidence.

In 1 *Co. Inst.* 374. *a.* it is said, " That where one coparcener enters on the whole of the estate descended, this does not divest the estate, which, by law, descends to the other, unless she enters *claiming* the whole; in which event, the freehold in law of the other parcener is divested: So, if having entered, the coparcener makes a feoffment of the whole, the act subsequent explains the entry precedent."   This antient rule of law necessarily implies, that the acts and declarations of the occupant are good evidence, to demonstrate the character and intent of the possession.

In the case of *Holloway* v. *Rakes,* cited in *Davies* v. *Pierce,* 2 *Term Rep.* 55. a witness was called, and admitted, to speak to the declarations of the occupant, *that he held as tenant to the devisor,* whose seisin it was necessary to prove; and in *Doe* d. *Foster* v. *Williams, Cowp.* 621. in order to determine who was in possession, evidence of the tenant's declarations, to

*Hartford,*
*June,*
*1823.*

*Williams*
*v.*
*Ensign.*

whom she paid rent, was adjudged to have been rightly received.

*Hindly* brought an action of ejectment against *Rickarby,* for a house, of which a Mrs. *Luthman* had been in possession; and the declarations of Mrs. *Luthman,* made while in possession, were admitted in evidence to ascertain whether she held, in her own right, or as tenant to *Rickarby.* *Doe* d. *Hindly* v. *Rickarby,* 5 *Esp. Rep.* 4.

In *Peaceable* d. *Uncle* v. *Watson,* 4 *Taun.* 16. the declarations of a deceased occupier of land were received in evidence to prove under whom he held the possession ; a case entirely analogous to the one now under discussion. To the same effect, precisely, was *Jackson* d. *Youngs & al.* v. *Vredenbergh,* 1 *Johns. Rep.* 159. in which the declarations of a Mrs. *Punderson* were proved, to shew in what character, or with what intent, she entered upon and held the premises in dispute.

I have cautiously abstained from citing cases, in which the declarations were against the interest of the person making them, or where the party to be affected by the testimony, claimed title under the person who made the declarations.

It is perfectly clear, that the evidence offered in this case, should have been received ; and for the rejection of it, I would advise the granting of a new trial.

The other Judges were of the same opinion.

New trial to be granted.