## BLISS v. WINSTON.

1. It is not necessary in a complaint for a forcible entry and detainer, to state the *precise time* when the plaintiff was possessed of the premises, and if stated, it may be rejected as surplusage.
2. In a proceeding for a forcible entry and detainer, it is allowable for the plaintiff to state the forcible entry as having been made on different days; and in one part of his complaint, he may allege an entry into one tenement, and in another part into a different one.
3. The declaration of a person (since deceased) in the *actual occupation of* a house, *made at the time of such occupation,* that he held the house under the defendant, *as a tenant,* is admissible evidence in a proceeding for a forcible entry and detainer, where the only evidence of possession adduced by the plaintiff was, that he retained the key of the house after the death of the tenant.
4. The allegation in a complaint for a forcible entry and detainer, that the entry was made on a particular day, does not bind the plaintiff to strict proof as to time, but he may show the entry to have been made on any day previous to the exhibition of the complaint.
5. Where the circuit court reverses the judgment of a justice of the peace, in a proceeding for a forcible entry and detainer, for the rejection of competent evidence, if the proceeding be in other respects regular, the cause should be remanded to the justice, to be tried *de novo.*

THIS was a proceeding for a *forcible entry and detainer,* commenced by the plaintiff against the defendant, before a justice of the peace of Sumter. The complaint contains two parts;

Bliss v. Winston.

*in the first*, the plaintiff alleges that theretofore, to wit : on the 20th day of September, 1838, he was in possession of certain lands and tenements in the town of Gainesville, in Sumter county, and remained in peaceable possession thereof, for a long space of time thereafter, to wit : until the 29th day of October, 1838, when, by force and strong hand, he was entered upon, and expelled by the defendant, &c. *In the second part of the complaint* the plaintiff alleges his possession from the 20th of September, to the 5th of November, 1838, not only of the lands and tenements described in the first part, but in addition thereto of lot number fifty-seven, in block numbered eighteen, in Gainesville : on which latter day the entry of, and explulsion by the defendant, is charged to have taken place.

The defendant, upon the return of process, moved the justice of the peace to quash the proceedings, on the ground of duplicity and repugnancy in the complaint, in averring in one part, possession and expulsion, at a time different from that alleged in the other. This motion being overruled, the defendant pleaded *not guilty*, and the case was submitted to a jury, who, being unable to agree upon a verdict, the parties consented to a mistrial. Thereupon the justice of the peace, continued the case from the day of trial (the 26th day of February, 1839,) to the twelfth day of March, and issued a *venire facias* returnable on that day ; which being returned *executed*, a jury was empannelled and the case again submitted to them for trial, who found the defendant guilty of the forcible entry and detainer alleged, except as to the lot numbered fifty-seven, in block eighteen. And a judgment was rendered accordingly; and also for costs against the defendant.

On the trial, a bill of exceptions was sealed by the justice of the peace; in which, among other things, it appears that the premises in controversy were occupied by one Payne, as a tenant, from the 5th of July up to the 14th September, 1838, on which latter day he died. The evidence tended to show that Payne's occupancy was by the permission of the plaintiff, and that after Payne's death, the plaintiff did not occupy otherwise

44

than by retaining possession of the key of the house, situate on the premises. Under this state of facts, the defendant "offered evidence of the declaration of Payne, as to whose tenant he was, and under whom he held, the question being in this form—Did you ever hear Payne, who was in possession, say in his lifetime under whom he held the 'premises described in the complaint.'" Which question was objected to by the plaintiff, and the objection sustained ; whereupon the defendant excepted, &c.

It is further shown that the court charged the jury, that the time laid in the complaint was immaterial, and the plaintiff might prove that there was a forcible entry upon the premises, on any day before the commencement of his action, and within three years. To which charge the defendant excepted, &c.

The case being removed to the circuit court by a *certiorari* awarded at the instance of the defendant, errors were assigned bringing to the view of that court, the questions of law arising upon the record. The circuit court reversed the judgment of the justice of the peace, and rendered a judgment against the plaintiff for all costs. To revise this judgment the plaintiff has prosecuted a writ of error, and presents by his assignment of errors, the legal questions adjudged by the circuit court.

Other questions than those stated, were raised on the trial before the justice of the peace, but as they were not pressed at the argument and are not considered by this court, it is unnecessary to notice them.

Murphy, for the plaintiff.
Revis, contra.

COLLIER, C. J.—We will enquire *first.* Is the complaint defective for the causes indicated in the motion to quash ? *Second.* Was the declaration of Payne, as to his possession, admissible evidence ? *Third.* Did the justice of the peace, mistake the law in his charge to the jury ?

*First.* The seventh section of the act in regard to *forcible entry and detainer,* (Aikin's Digest 203,) provides that " when complaint to any justice of the peace, of the proper county, shall

be made in writing, and signed by the party aggrieved, his agent or attorney, specifying the lands, tenements, or other possession, so forcibly entered upon and detained, or forcibly, or unlawfully detained, by whom and when done, and the estate therein, it shall be the duty of the said justice to issue a precept under his hand and seal, directed to the sheriff of the said county, commanding him, &c." Thus, we discover that it is not necessary for the complaint to state the precise time when the plaintiff was possessed—it is enough for him to allege, when he was forcibly entered upon, or when the defendant forcibly, or unlawfully detained from him, the possession. So much of the complaint then, as discloses the period during which the plaintiff was in possession, may be regarded as surplusage.

The question is, whether it is competent for the plaintiff to state, in different parts of his complaint, the forcible entry to have taken place on two several days. We can conceive of no objection to this. In declarations it is allowable, and very common in practice, to state distinct causes of action in distinct counts; or to set out the same cause of action differently, so as to meet the proof which the plaintiff expects to adduce. The same course of pleading is allowed in criminal proceedings, and upon principles of analogy, we think it defensible in the present case.

*Second.* It may be regarded as a general principle in the law of evidence, that every fact material to be shown, ought to be proved by the testimony of witnesses sworn to speak the truth ; and the reason of the rule is, because evidence ought to be given under the sanction of an oath, and that the person who is to be affected by the evidence, may have an opportunity of interrogating the witness as to his means of knowledge, and concerning all the particulars of the fact. (Phillip's Evi. 173.) This principle would exclude hearsay evidence of a fact ; yet, it is not of *universal* application, and under some circumstances, or in some excepted cases, this grade of evidence is admissible. The exceptions usually rest upon the necessity of the case, of because such evidence is quite as satisfactory, and infallible, as any other, or because it is the declaration of a person against

his own interest, or because it is the *declaration* of a party, and constitutes a part of the *res gestae*.

The elementary writers upon evidence, consider it a well established exception to the general rule, that the declarations of a deceased occupier of land, that he held as the tenant of another are admissible to prove the seizin of that other (Phillip's on Ev. 182 ; 1 Starkie's Ev. 70.) And Starkie adds; "such a declaration was, in some degree, against his interest, since it would have been evidence against him, by the landlord, in an action for use and occupation."

In Peaceable *ex dem* Wade v. Watson (4 Taunt. Rep. 16) the precise question arose ; whereupon *Mansfield, C. J.* remarked "possession is *prima facie* evidence of seizin in fee simple : the declarations of the possessor, that he is tenant to another, makes most strongly therefore, against his own interest, and consequently is admissible." And in Doe *ex dem* Human v. Petteet (5 Barnwell & Ald. Rep. 223,) the question was, whether the declarations of a deceased tenant, were admissible to show, that she had not occupied the premises adversely, for more than twenty years, so as to rebut the statute of limitations. *Abbott, C. J.* said all questions of evidence must be considered with reference to the particular circumstances under which it is offered; that, in that case, the declarations of the tenant, were not used to show the *quantum* of her estate, but only to explain *the nature of her possession.* See Davis v. Pierce and others, 2 Term Reports 54.

The point was more fully examined in Williams v. Ensign, 4 Conn. Rep. 456. That was an action of *trespass quare clausum fregit*, in which the title was in question, and the court decided, that the declaration of a person in the actual occupation of the land, made at the time of such occupation, that he held the land under one from whom the defendant derived title, and that he was to deliver him a part of the produce, were held to be admissible in evidence to repel a claim of title in the plaintiff, by adverse possession. The court cite some of the leading English cases on the point, and place their opinion upon the ground that the declaration was part of the *res gestae ;* cautiously abstaining from the citation of cases in which the declarations

Bliss v. Winston.

were against the interest of the person making them, or where the party to be affected by the testimony, claimed title under the person who made the declarations. See also, Jackson *ex dem*, Young *et al.* v. Vredenbergh [1 Johns. Rep 159,) Nichols v. Hotchkiss, 2 Day's Rep. 121.]

In the case at bar, Payne must have made the declaration (if at all) supposed by the question, during the period of his occupancy; for he had not relinquished the possession up to the time of his death. The question then, was admissible upon authority, whether it be considered as calculated to elicit a declaration against the interest of the tenant when made, or as constituting a part, and explanatory of the *res gestae.*—What effect should be given to such evidence we do not undertake to decide; but merely determine, that it is competent to show under whom Payne held the possession.

*Third.* In describing a contract, time should be stated with precision, and the proof must correspond with the allegation. But time, in general, is considered as forming no material part of the issue, so that one time may be alleged and another proved. The pleader, therefore, assigns any time he pleases to a given fact. So indictments, though it is necessary to state a certain day when the offence was committed, yet, the State is not held in its proof, to the day laid, but may show the accused to have committed the act, at any time before the finding of the indictment. In the case before us, it is true that the statute requires, that the complaint should show when the forcible entry was made ; yet, it does not direct that the plaintiff shall prove it to have been made on the day alleged; and by analogy we think it competent to show it to have taken place at any time before the complaint was exhibited.

On the second point, the justice of the peace erred; and his judgment should have been reversed by the circuit court, *and the case sent back for further proceedings.* But that court *merely reversed the judgment.* For this error the judgment of the circuit court is reversed, and the case remanded to that court, that a *procedendo* may be thence awarded to the justice of the peace.