## ODEN v. STUBBLEFIELD.

1. In order to charge the husband with knowledge of a fact, it is not permissible to shew that it had been spoken of in his family, and before his wife ; especially if he had no such interest in the matter as to warrant the conclusion that the wife repeated to him what she had heard.

2. The declarations of a person in respect to personal property, of which he is in possession, are admissible as part of the *res jestæ.*

3. A person in possession of personal property as an agent, may acquire a title in favor of creditors and purchasers, where the property is given or lent to him, with a reservation to the giver or lender ; unless the reservation is in writing and duly acknowledged, &c. and recorded, or a demand of possession is made and pursued by due course of law within three years. And, although a sum of money was paid by such donee, or loanee, as hire, it would not, as it respects his creditors and purchasers, prevent a divestiture of the donor or lender's reservation.

WRIT of Error to the Circuit Court of Talladega.

This was an action of *detinue* by the defedant in error against the plaintiff, for the recovery of a negro woman named Sally, and her three children. The cause was tried on the *general issue.* On the trial a bill of exceptions was sealed by the presiding Judge, at the instance of the defendant below, from which it appears that the plaintiff gave the negro woman in question, with the oldest child, and her future increase, (which are the two younger children,) to his son, William T. Stubblefield, reserving to himself their possession during his life : all which appears by a deed bearing date the 28th January, 1837, which was never recorded, as required by the second section of the statute of frauds. [See this case reported in 2 Ala. Rep. 684.] The defendant claims under Wm. T. Stub-

blefield, and adduced at the trial his bill of sale, dated the 18th April, 1839, which acknowledges the payment of one thousand dollars, and in consideration thereof conveys the slaves in controversy to the defendant.

There was evidence showing that Wm. T. Stubblefield was in possession of the woman and her eldest child at the date of the deed of gift from the plaintiff to him, but whether the possession was acquiesced in, or continued for three years without interruption, was a question controverted by the parties.

The questions of law presented for examination arise upon objections to the evidence and the charge to the jury; to make them intelligible, the facts will sufficiently appear from the opinion of the Court.

Rice, Peck and L. Clark for the plaintiff in error.
Chilton, for the defendant.

COLLIER, C. J.—The first objection to the evidence is well taken. It appears that the plaintiff was allowed to prove that the deed from himself to his son, had been spoken of in defendant's family, and before his wife, as a circumstance from which the jury might infer that the defendant had "the same chance of information." The testimony was entirely irrelevant and well calculated to mislead. If the defendant had been informed, previous to his purchase of Wm. T. Stubblefield, of the reservation in the deed of the plaintiff, it could have had no influence upon his title, if the possession of his vendor, coupled with his own, had continued for three years. Such was the decision of this Court when this cause was here twelve months ago. [2 Ala. Rep. 684. See also Myers v. Peek's administrator, ib. 648.] But if the evidence had been pertinent, it should not have been received; for though the conjugal relation supposes that the wife is unreserved in her communications to the husband, yet it by no means follows that she informs him of every thing she may hear; especially if it be not likely to interest or affect him in some way. Now it does not appear that the defendant had or was about to acquire an interest in the slaves, at the time his wife heard the deed from the plaintiff spoken of, so that it cannot be reasonably intended that she repeated what she had heard. Nor can it be admit-

ted, that because the wife heard a fact related, her husband, whose means of information were equally as good, was also advised of it.

The second objection to the admission of evidence relates to the declarations of Wm. T. Stubblefield, which it is insisted should have been rejected.

It appears from the bill of exceptions, that the negro woman, some time in 1838, ran away from W. T. Stubblefield, and went to the plaintiff's house, where she remained for eight or ten days; the former then went for her, when, as he stated, he had some difficulty in getting her away from the family, and to satisfy them, he had promised to return her at the end of the year. It is not expressly stated, but the fair inference is, that this declaration was made by Wm. T. Stubblefield during the continuance of his possession. Upon this assumption the evidence was clearly admissible. In respect to real estate, it is said the general doctrine, that the declarations of a tenant in possession of land are admissible as a part of the *res gestæ* has seldom been denied. [2 Phil. Ev. C. & H. ed. 600 ; Bliss v. Winston, 1 Ala. Rep. 344.] And the same rule prevails in its utmost extent as to personal property. [2 Phil. Ev. 601.] Thus on an appeal between two towns, contesting the settlement of a negro, it seems that the declaration of a person, made in respect to his title to the negro while in his possession as a slave, are receivable in evidence. [Overseers of Germantown v. Overseers of Livingston, 2 Caine's Rep. 106 ; see also Walkup v. Pratt, 5 Har. and John. 51.] And, in Willies v. Farley, [3 C. and Payne's Rep. 395,] it was held what one in possession of goods said as to whose property they were, is evidence. To these citations many others quite as pertinent, might be added, but the question is too firmly settled to make its further consideration at all necessary.

In refusing to give the charge prayed by the defendant, the Court impliedly affirm, that if William T. Stubblefield first acquired the possession of the slaves as the agent of his father, a continuous possession for three years, demand made and pursued as required by the second section of the statute of frauds, will not perfect the title of a *bona fide* purchaser from him. It is certainly true that one who acquires and holds personal property as the agent of another,

Oden v. Stubblefield.

cannot transmit to a third person, having notice of his agency, a title to that property, in violation of the trust. But one having possession as agent, may as a donee, with a reservation to the donor, or as a loanee, acquire a title, in favor of creditors and purchasers, if the deed or writing is not recorded, and he remains in possession for three years without demand made and pursued by due course of law, and this although the possession was first acquired as an agent.

The Court instructed, the jury that if the plaintiff received the two dollars agreed to be given by Wm. T. Stubblefield on account of the hire of the negroes, then the possession of Ragland, in 1837, was the possession of plaintiff. The evidence was, that Wm. T. Stubblefield hired the negroes to Ragland in the latter part of the year 1836, at ten dollars *per month ;* the plaintiff was dissatisfied because they could have been hired for more, and to . quiet his complaints, Wm. T. Stubblefield agreed-to pay in addition two dollars for each month. Ragland has never paid the plaintiff any part of the hire, not conceiving it to be due him, though he has occasionally claimed it; nor does it appear that the plaintiff has received any part of the hire from his son. This charge cannot be sustained. As it respects creditors and purchasers, the actual payment of the hire by Wm. T. Stubblefield, could not have interrupted the continuity of his possession, and in their favor if it continued for three years without demand made and pursued by due course of law, it would divest the reservation which the plaintiff had made in his own favor. The cases cited from 2 Ala. Rep. are full and direct to the point.

No question of law arises upon the evidence in relation to the possession of the plaintiff, of the woman during the period of her elopement in 1838; or whether it was a legal interruption of Wm. T. Stubblefield's possession. As this is a question of law, by no means difficult of solution, when the facts are ascertained, we leave it to be determined by the Circuit Court. We have only to add, that the judgment is reversed and the cause remanded.