W. L. ELWOOD v. S. S. SATERLIE and Others.[1]

May 7, 1897.

Nos. 10,558—(72).

**Action on Note—Sufficiency of Evidence.**
    *Held,* the verdict is sustained by the evidence.

**Same—Admissibility of Evidence—Declarations.**
    The statements of a third person in possession of property, as to whom he holds it for, or as to who is the owner of it, are not hearsay, but competent evidence to prove the facts stated. They are a part of the res gestae, and characterize the possession.

**Special Findings by Jury—Harmless Error in Submission of Issues.**
    Where an issue in the case has been submitted to the jury, and they have made a special finding on the same, which is conclusive of the rights of the parties, if that finding must stand, it is immaterial that the court may have erred in its manner of submitting to the jury another separate and distinct issue.

Appeal by plaintiff from an order of the district court for Swift county, Powers, J., refusing a new trial after verdict for defendants. Affirmed.

[1] Reported in 71 N. W. 13.

*F. M. Thornton* and *S. H. Hudson,* for appellant.

*T. F. Young* and *Spooner & Laybourn,* for respondents.

CANTY, J.    This is an action on a promissory note made by defendants to the order of W. A. Godwin & Son, and by them indorsed to plaintiff.    The defense is that the note was given for part of the purchase price of a stallion bought by defendants S. S. and L. S. Saterlie from Godwin & Son, who warranted the horse in several respects, and as to such horse fraudulently made certain false statements which the purchasers believed, and on which they relied, and were induced thereby to purchase the horse.    There are further allegations in the answer which state a good counterclaim or recoupment as against Godwin & Son for damages to the full amount of the note, for breach of such warranty, and for such false representations.    It is further alleged that at the time of such purchase plaintiff was in fact the owner of the horse, and Godwin & Son were merely his agents for the sale of the same, and that the note in suit was taken in the name of Godwin & Son, and indorsed to plaintiff, as a part of the scheme of Godwin & Son and plaintiff to defraud defendants, and that at the time he took said note plaintiff knew all of the facts as to such breach of warranty, false representations, and fraud.    On the trial the jury returned a general verdict for defendants, and also found the following special finding:

"Question.    At the time of the sale of the horse St. Hilaire to the defendants, was said horse owned by W. L. Elwood, the plaintiff? Answer.    Yes."

From an order denying a new trial, plaintiff appeals.

1.    Both parties assume that the general verdict is controlled by the special finding, and that, if the latter is not sustained by the evidence, the former must fall.    Whether or not this assumption is correct, we will not consider.    Plaintiff has been for many years engaged in the business of importing, breeding, and selling horses at Dekalb, Ill.    Godwin & Son were located at Benson, Minn.    In 1891 plaintiff delivered to Godwin & Son, at Benson, seven stallions, one of them being the horse in question.    It is claimed by plaintiff that these horses were sold to Godwin & Son wholly on credit, on open book account, pursuant to arrangements made between the parties at

Dekalb. Godwin & Son sold these horses to different parties, took for the purchase price negotiable notes payable to themselves, and indorsed all of these notes over to plaintiff.

In making these sales, Godwin & Son gave in their own name written warranties, the printed blanks for which contained the address and advertisement of plaintiff at Dekalb. One of these horses was sold by Godwin & Son to one Foix. The latter, being dissatisfied with his horse, wrote to plaintiff at Dekalb, and asked him to exchange the horse for another, pursuant to the terms of the warranty received by Foix from Godwin & Son. Plaintiff, writing from Dekalb, answered the letter, and advised Foix to keep the horse he had until such horse became more fully acclimated, and added:

"We are pretty well closed out of horses here now, so that we would have nothing that we could exchange for him, even if you were determined to make the trade now, and the only thing that we could do would be to let you have one of the horses that Mr. Godwin has there, which I don't suppose would be satisfactory to you. If you will go on, and keep this horse another season, and he does not turn out any more satisfactory, we will then be willing to make an exchange with you in accordance with the terms of your guaranty."

It is conceded that the Foix horse was delivered by plaintiff to Godwin & Son at the same time, in the same transaction, and on the same terms as the horse sold to defendants. We will not attempt to give all the circumstantial detail bearing on the question, or the explanations of plaintiff, but we are satisfied that the evidence warranted the jury in finding that at the time of the sale of the horse to defendants he was the property of plaintiff, for whom Godwin & Son acted as agents.

2. Against plaintiff's objection and exception, one Risum testified that in the summer of 1892 one of the firm of Godwin & Son told him that they were selling for plaintiff certain mares then in their barns at Benson. This is assigned as error. We are of the opinion that the evidence was competent. When a third person is in the possession of property, his statements as to whom he holds the property for, or as to who is the owner of the property, are not hearsay, but competent evidence of the facts stated. They are a part of the res gestæ, and characterize the possession. Willies v. Farley, 3 Car. & P. 395; Peaceable v. Watson, 4 Taunt. 16; Davies v. Pierce, 2 Term R. 53; Hindly

v. Rickarby, 5 Esp. 4; Williams v. Ensign, 4 Conn. 456; Oden v. Stubblefield, 4 Ala. 40; Bliss v. Winston, 1 Ala. 344; Jackson v. Vredenbergh, 1 Johns. 159; Wood, Prac. Ev. 444, § 152. True, the horses to which the statements in question related were not of the lot of seven from which the horse sold to defendants was taken, but of a lot that were received by Godwin & Son during the summer following the spring in which the horse was sold to the defendants. But plaintiff does not concede that Godwin & Son ever sold any horses for him, and the evidence was competent as one of the circumstances in the case going to show the course of dealing between them and plaintiff.

3. The court charged the jury that, even if they found that, at the time of the sale to defendants, plaintiff was not the owner of the horse, but Godwin & Son were, still, if the jury found that plaintiff had notice of certain enumerated facts when the notes in suit were indorsed to him, then the damages of defendants arising from breach of the warranty accompanying the sale could be set off against him in this action. Whether this part of the court's charge is erroneous, it is not necessary to consider. During the whole trial the paramount issue between the parties was whether or not plaintiff owned the horse, and Godwin & Son were merely his agents when the sale was made to defendants. As before stated, all parties treated the above-quoted special finding submitted to the jury as controlling the general verdict. The court charged the jury that this special finding included the finding that Godwin & Son acted as the agents of plaintiff in making the sale of the horse to defendants, and this was acquiesced in by all parties. The issue thus raised has been decided in favor of defendants, and the decision of that issue is conclusive of the rights of the parties. If that decision must stand, it is immaterial that the court has erred in the manner in which it submitted some other separate and distinct issue to the jury.

This disposes of all the questions in the case having any merit, and the order appealed from is affirmed.