## MASSEY v. WALKER.

.1. The statement that "one was largely embarrassed with debt at a certain date," is not the statement of a conclusion as distinguished from a fact.
2. When evidence is excluded in the first instance, on an exception taken by the party against whom it is offered, but is afterwards put to the jury upon the other party withdrawing his objections, the exception falls with the admission, and cannot be looked to on error.

Writ of error to the Circuit Court of St. Clair.

CLAIM interposed by G. S. Massey, to a slave levied on by attachment, as the property of John Massey, at the suit of Walker.

At the trial, the plaintiff offered to read to the jury, as evidence, the note upon which the attachment was sued out, and at the same time offered to read the writ, declaration and judgment in the suit against John Massey. The defendant objected to the evidence, but the court notwithstanding admitted it.

The claimant proved the execution of a bill of sale for the slave, dated in October, 1839, (which was earlier than the date of the note,) by the defendant in execution, reciting the consideration of $900; he then offered a witness, who stated, that about the date of the bill of sale, he saw the claimant hand over to the defendant in attachment, several hundred dollars in money; that at the time this money was thus handed over, both parties said it was money advanced by the claimant, to the defendant in attachment, to pay off a *fi. fa.* then in the hands of the sheriff of St. Clair, in favor of the Bank at Decatur, against the defendant in attachment. The plaintiff objected to this evidence, and the court excluded it, remarking that the conversation between the defendant in attachment and the claimant, could not affect the plaintiff's rights, as he was not present at the time. The claimant then

excepted to this ruling of the court. The plaintiff then withdrew his last objection, and the evidence went to the jury without further remark from the court.

The plaintiff, in conclusion, introduced a witness who offered to swear to these words, to wit: "It is within my knowledge, that the defendant in attachment, at the date of the bill of sale, was largely embarrassed by debts." The claimant objected to this statement by the witness, but the court notwithstanding allowed it.

The defendant excepted to the ruling of the court in the several points above recited.

The jury returned a verdict finding the slave subject to the attachment, assessed his value at seven hundred dollars, and being of opinion the claim was interposed for the purpose of vexation and delay, assessed damages of $81 37, being 15 per cent. on the amount of the attachment. Judgment was rendered on this verdict, as well for the damages as condemning the slave to the plaintiff's suit.

The errors assigned open all the questions reserved by the exceptions, and also question the judgment for the damages.

S. F. Rice, for the plaintiff in error, insisted—

1. That the witness should not have been allowed to state Massey was *largely embarrassed by debts*. This is a statement of conclusions, not facts. [Whetstone v. Bank at Montgomery, 9 Ala. R. 875; Gibson v. Williams, 4 Wend. 320; 10 John. 525; Lawson v. Orear, 7 Ala. R. 784; Whitman v. Farmer's Bank, 8 Porter, 258; Perkins v. Haggerthy, 1 Ala. Rep. 632.] Being illegal, this evidence, no matter how unimportant, should be excluded. [Brown v. May, 1 Munf. 288.]

2. The evidence was also illegal, as the plaintiff was not a creditor of Massey, when the bill of sale was executed, and therefore was not in a situation to impeach the consideration.

3. The note of Massey was improperly introduced at the opening of the case, and might well tend to prejudice the jury.

4. The declarations of the parties, made when paying and receiving money, was improperly rejected. [Pitts v. Burrough, 6 Ala. Rep. 733.] The withdrawing the objection aftewards, could not relieve the case when before the jury from the influence of what was said by the court, and must have misled the jury. [Jones v. Norris, 2 Ala. Rep. 526; Oden v. Rippetoe, 4 Ib. 68; 5 Cowan, 106; Reel v. Reel, 2 Hawks, 63; 11 Wend. 83.]

5. No damages can be given in a trial of the right of property levied by attachment. [Dig. 212, § 53.]

B. POPE, contra.

GOLDTHWAITE, J.—1. We think with the plaintiff's counsel, that to say one is in debt, is just as much a conclusion as to say that one is embarrassed with debts. From the course this notion of *conclusions* as distinguished from *facts*, seems to be taking, it is as well to state that the decisions upon this point, refer to conclusions of law, to be deduced from facts which may or may not exist. Such was the decision in Parker v. Haggerthy, 1 Ala. Rep. 730, where we held, that whether one was or was not a *tenant*, is a legal conclusion. So in Lawson v. Orear, 7 Ib. 784, it is said, the condition of insolvency is a legal conclusion.

There is no matter which involves a combination of facts, that is not liable to be called a conclusion, if this term is properly applied to the knowledge by one individual that another is embarrassed with debt. There seems to be nothing in this point which requires a more extended consideration.

2. It is wholly unnecessary to examine whether the evidence for the claimant was correctly excluded, in the first instance, for however this was, it is certain it went to the jury, and the objection being withdrawn, the exception fell with the admission of the evidence. Conceding the court was mistaken, the claimant afterwards requested no charge upon the effect of these declarations upon his case. It is sufficient to say, that the only matter to which a party can except on the trial of a cause, is the charge, or refusal to charge, upon the evidence, or law of the case.

All the other points involved in the assignment of errors are believed to be settled in Yarborough v. Moss, 9 Ala. Rep. 382.

Let the judgment be affirmed.