## DARLING *vs.* BRYANT & WALKER.

1. The declarations of one in possession of and having the charge of a steam-boat are competent evidence to show that a third person is, with him, a joint owner thereof.

Error to the County Court of Montgomery. Tried before the Hon. Adam C. Felder.

THIS was an action of detinue by the defendants against the plaintiff in error to recover eighty-four pieces of marble, &c. It appears that the marble in question, weighing some thirty-five or forty tons, was freighted on the steam-boat Creole from Mobile to Montgomery, and consigned to the defendant, Darling; that the defendant removed the marble from the wharf at Montgomery, where it had been taken from the boat and deposited, without paying the freight, and without the consent of the owners of the boat or their agents, &c. In the course of the trial the plaintiffs, to prove their joint ownership of the boat, introduced one Mayhew as a witness, who testified that Bryant, one of the plaintiffs, whilst he was captain and in charge of the boat, and before the marble was shipped, told the witness, either at the wharf in Mobile, where the boat was then lying, or on the boat itself, but the witness thought the former, that Walker was a

joint owner of the boat with him.    The defendant objected to this testimony, on the ground that ownership in Walker could not be proved by the declarations of Bryant, but the court overruled the objection and refused to exclude the evidence. The ruling of the court is the error now relied on for a reversal of the judgment.

F. S. JACKSON, MARTIN & BALDWIN, for Plaintiff in error: The court erred in admitting the declarations of Bryant & Walker.    The object of their introduction was to prove the distinct fact of ownership by both Walker (who was not in possession, or present,) and Bryant: The effect of which would be to permit a party to make testimony for himself.—McBride & Wife v. Thompson, 8 A. R. 652 ; Abney v. Kingsland, 10 A. R. 355.

ELMORE & YANCEY, for the defendants: The plaintiff's counsel say, the declaration is admissible to show the possession and right of possession.    This is an admission of property, sufficient to sustain the action, and this is all we contend for.

CHILTON, J.—The proof made by the witness Mayhew of the declarations of Bryant, who was in possession of the boat at the time such declarations were made, was properly admitted the court.·  It is a principle of law not any where disputed, that the declarations of a tenant in possession either of real or personal property, explanatory of his possession, showing that he holds in his own right, or in subordination to the title of another, constitute part of the *res gestæ*, and are properly allowable as evidence.    This principle is not denied by the counsel for the plaintiff in error; but they insist that the declarations of Bryant are not evidence of the title in Walker, and suppose that the cases of McBride & Wife v. Thompson, (8 Ala. Rep. 652,) and Abney v. Kingsland, 10 Ala. Rep. 355, support this view.    In the case first cited, the plaintiffs offered to prove the declarations of the person under whom they claimed, made while the property sued for was in his possession, showing his title to the property.    But this court held that the Circuit Court properly rejected the proposition, which was so broad as to embrace not only what the party said explanatory of his possession, but his declarations as to the title, how, when, from whom, &c. he acquired it.    It is further said " that while it is allowable to prove

statements of one in possession and explanatory thereof, it is not permissible to show every thing that may have been said by him, as that it was acquired *bona. fide* and for a valuable consideration ; was paid for by the money of a third person, or his own, &c." The same doctrine is re-affirmed in the case last cited, (10 Ala. Rep. 355,) where it was proposed on the part of the plaintiff in execution to prove on the trial of the right to a slave, that the defendant in the execution had stated to the deputy sheriff, he desired said deputy to levy an execution upon the slave in controversy, that the claimant might buy him at the sale for the benefit of the said defendant ; that he (defendant) had money then in his pocket to pay for the slave, &c." These declarations, though the defendant in the execution was in possession at the time they were made, were excluded, upon the ground that they did not constitute a part of the *res gestæ*, which was, the manner in which the party in possession held, but went to establish something beyond that : to-wit, facts disconnected with the possession.

We regard these cases as very correct expositions of the law, but they do not render the declarations in this case improper evidence. In the case before us, Bryant was found in possession of the boat. The legal presumption arising upon that possession was that he was the owner. This presumption he could rebut by his declarations while in possession, explanatory of the manner in which he held—that he held for himself and Walker, who were joint owners. The effect of his declarations is to make Walker a joint possessor, if the latter affirm their truth, with Bryant; and as they qualify the possession, they constitute the *res gestæ*, and tend to establish the possession of both Bryant and Walker. This being established, the legal presumption of ownership arising from such joint possession attaches, and, *prima facie*, entitles them to a joint action. The cases are very numerous where such declarations have been allowed, especially when made by a party against his interest.—See them collected, in 2 Phil. Ev. (C. & H. notes) note 234, pages 601-2-3; ib. 667-592-642, n. 256.

In Webster v. Smith, 10 Ala. Rep. 429, and Beall v. Ledlow, 14 Ala. Rep. 523, the declarations of a party in possession, that the property claimed was not his, but was held under and belonged to the claimant, were admitted as competent proof for

the claimant.—See, also, Bliss v. Winston, 1 Ala. Rep. 344; Oden v. Stubblefield, 4 Ala. Rep. 657; Berry use, &c. v. Hardman, 12 ib. 604; Goodgame v. Cole & Co., ib. 771. These authorities may suffice to show that the court did not err in admitting the declarations, as shown by the record.

The other points raised by the assignments of error were not insisted on in the argument. We are unable to discover any error in the judgment, and it is consequently affirmed.