# BRICE & CO. *vs.* LIDE.

[TRIAL OF RIGHT OF PROPERTY IN SLAVES.]

1. *Objection to competency of witness.*—A deposition will not be suppressed, on account of the incompetency of the witness on grounds of public policy or interest, when the attorney of the objecting party, with knowledge of the incompetency, attended the examination, and cross-examined the witness, without objecting to his competency.

2. *Declarations of party in possession of personal property.*—The declarations of the defendant in execution, while in possession of the personal chattels in controversy, and explanatory of his possession, are admissible evidence against the claimant, on the principle of *res gestæ;* but his declarations respecting the source of his title, as that he claimed them as a distributee of his father's estate, are not admissible.

3. *Witness cannot testify to insolvency.*—A witness, "well acquainted with the affairs of" another person, cannot be permitted to testify that the latter was "insolvent."

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. ROBERT DOUGHERTY.

THE appellants, having obtained a judgment against W. C. Skinner, on the 29th May, 1854, caused an execution to be levied on certain slaves in the possession of said Skinner, which were thereupon claimed by the appellee, as the trustee of Mrs. Jane V. Skinner, who was the wife of said W. C. Skinner. The claimant derived title to the slaves under an alleged purchase by him, as trustee of Mrs. Skinner, and with funds belonging to her separate estate, from said W. C. Skinner, on the 22d January, 1839; and, for the purpose of proving the execution and consideration of his bill of sale, he offered in evidence the deposition of his wife, who was the only subscribing witness to said bill of sale. This deposition is not set out in the transcript; but the bill of exceptions states, that "notice of the time and place of taking said deposition had been duly given to the plaintiffs' leading attorney, who was present at the examination, cross-examined the witness, knew that she was the wife of the

claimant and trustee, as appeared from the certificate of the commissioner, and did not object to her competency as a witness on that or any other ground. The plaintiffs' other attorney stated, as upon oath, that he did not know that said deposition had been taken until it was offered, which was after the plaintiffs had announced themselves ready for trial, and the trial had proceeded; and he thereupon objected to said deposition being read in evidence, on the ground that said witness was incompetent from public policy, and that she was the wife of the claimant. The court overruled the objection, and allowed the deposition to be read; to which the plaintiffs excepted."

"In order to prove that said slaves belonged to the defendant in execution, that he did not claim them as the property of his wife, and that there had never been a change of possession of said slaves, the plaintiffs proved, that said Skinner was in possession of said slaves in 1852 or 1853; and then offered to prove, that said Skinner, being so in possession, stated to the witness that he claimed said slaves as a distributee of his father's estate. The claimant objected to this evidence, and the court sustained the objection, but permitted the plaintiffs to prove that Skinner claimed said slaves as his own; and to the exclusion of this evidence the plaintiffs excepted. The plaintiffs then offered to prove through what source Skinner claimed said slaves while in his possession ; also, the declarations of said Skinner, as to whom he claimed said slaves from. The court excluded this evidence, also, on the claimant's objection; and the plaintiffs excepted to the exclusion of each portion of it.

"The plaintiffs then offered to prove, by a witness who was well acquainted with the affairs of said Skinner, that said Skinner was insolvent shortly after the execution of said bill of sale by him; and said, that they offered this evidence with a view of showing that said sale to the claimant was fraudulent. The claimant objected to this, and the court sustained the objection, and would not permit the witness to testify; to which the plaintiffs excepted. The court said, that the plaintiffs might prove the insolvency of said Skinner, by particular acts of indebtedness,

and by introducing executions against him returned *'nulla bona.'*"

The rulings of the court above stated are now assigned as error.

Wm. M. Byrd, for the appellants.

N. R. H. Dawson, and Jno. T. Morgan, *contra.*

RICE, C. J.—Where the deposition of a witness, incompetent upon grounds of public policy or interest, has been taken on notice to the leading attorney of the plaintiff; and that leading attorney, with knowledge of the ground of the incompetency, attended the examination, and cross-examined the witness, without making any objection to the competency, the objection will be held to have been waived.—McCreary v. Turk, 29 Ala. 244; Drake v. Foster, 28 Ala. 649; Lyde v. Taylor, 17 Ala. 270. It follows, that there was no error in overruling the objection, made on the trial, to the deposition of Mrs. Lyde, the wife of the claimant.

The declarations of the defendant in execution, in possession of the personal chattels in controversy, explanatory of his possession—that is, showing that he holds in his own right, or in subordination to the title of another,— are admissible as evidence against the claimant. But they are so admissible only upon the ground that they constitute part of the *res gestæ*—that is, they show the manner in which he held possession. His declarations, which go to establish something beyond that, and to prove facts disconnected with the possession, are not admissible against the claimant.—McBride v. Thompson, 8 Ala. 652; Abney v. Kingsland, 10 Ala. 355; Darling v. Bryant, 17 Ala. 10. According to these rules, there was no error in excluding those declarations of the defendant in execution, which were excluded.

Our decisions have uniformly treated insolvency as a legal conclusion; and the necessary result from them is, that a witness, although "well acquainted with the affairs" of a specified individual, cannot be permitted to testify that the specified individual was "insolvent" at a given time,

42

if objection to such testimony is duly made.—Lawson v. Orear, 7 Ala. 784; Massey v. Walker, 10 Ala. 288; Walker v. Forbes, 25 Ala. 139; Royall v. McKenzie, *ib.* 365; Varner v. M. & W. P. R. R. Co., 19 Ala. 185. The court below, therefore, did not err, in refusing to allow the witness for the plaintiffs to testify, that the defendant in execution was insolvent shortly after the execution of the bill of sale by him to the claimant.

Judgment affirmed.