## STALLINGS *vs.* THE STATE.

[INDICTMENT FOR RETAILING SPIRITUOUS LIQUORS.]

1. *Implied waiver of question not raised in primary court.*—The question, whether a licensed retailer or his clerk is liable to a criminal prosecution for selling spirituous liquors to a person of known intemperate habits, cannot be raised for the first time in the appellate court.

2. *General notoriety admissible to prove knowledge of fact.*—The fact that the intemperate habits of the person to whom the liquor was sold were notorious in the neighborhood in which the defendant lived, is proper evidence for the consideration of the jury in determining whether his habits were known to the defendant.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. WILLIAM M. BROOKS.

THE indictment in this case was in the general form prescribed by the Code. The bill of exceptions is as follows :

" On the trial of this case, there was evidence conducing to prove that the defendant, within twelve months before the finding of the indictment, sold spirituous liquors, as clerk, in the grocery of one Vann, who was a licensed retailer; that the witness was present in the grocery on one occasion, when several persons were present on a *spree*, buying and treating each other; that defendant sold spirituous liquors on that occasion to one Grey, who was one of the crowd on the spree; that one Clifton was behind the counter, as witness believed, assisting the defendant; that one Griffin, who was a drunken sot, called for spirits, but Clifton refused to let him have any, because he was drunk and had enough; and that Grey, who was *tight* at the time, thereupon called for the liquor, and it was handed out to him. There was evidence, also, which conduced to prove Grey a man of known intemperate habits for the last twenty years; that his habits were generally known in the neighborhood to his acquaintances; that the defendant had been raised within two miles

of Grey, and had known him for several years; and that the defendant, on the trial of Clifton, swore that, if Clifton had sold Grey any spirituous liquors, it was by his (defendant's) directions.

"The defendant asked the court to charge the jury, 'that the fact that Grey was *tight* at the time he called for the spirits, was not conclusive evidence that he was a man of known intemperate habits; and that the fact of such intemperate habits must be brought to the knowledge of the defendant before the time of such selling.' The court qualified [this charge] by saying, 'that it was not conclusive evidence that he was a man of known intemperate habits; but that if Grey was a man of known intemperate habits for the last twenty years, and if his said habits were generally known to his acquaintances, and if the defendant had been raised and always lived within two miles of him, and was acquainted with him, the jury might consider the evidence that Grey was intoxicated on that occasion, in connection with the other evidence in the cause, in determining the guilt or innocence of the defendant, in connection with the fact that it was notorious in the neighborhood for twenty years that Grey was a man of intemperate habits, and that the defendant had been raised within two miles of him.' To this charge the defendant excepted, and asked the court to charge the jury, 'that if Clifton, and not the defendant, sold and delivered the liquor to Grey, then the defendant was not guilty;' which charge the court refused to give, and the defendant excepted."

JAMES B. MARTIN, for the appellant.

M. A. BALDWIN, Attorney-General, *contra*.

R. W. WALKER, J.—No question was made in the court below, as to whether a licensed retailer or his clerk is liable to a criminal prosecution for selling spirituous liquors to a man of known intemperate habits. The appellant cannot now raise the question in this court, and it is therefore neither necessary nor proper for us to consider it.

[2.] The effect of the charge of the court was to author-
ize the jury to look to the fact that 'Grey's intemperate
habits were notorious in the neighborhood in which the
defendant lived, as evidence proper to be considered by
them, in connection with the other facts referred to, in
determining the question whether the defendant knew
that Grey was a person of intemperate habits.

Under the authority of the decision made by this court
in Price v. Mazange & Co., 31 Ala. 701, we hold that there
was no error in this charge. In the case referred to, the
question of the admissibility of such evidence, for the
purpose of bringing home to a party notice of a fact, was
carefully considered; and we do not doubt the correctness
of the result then attained. In the previous case of Stan-
ley & Elliott v. The State, 26 Ala. 26, the familiar distinc-
tion between the relevancy and the sufficiency of evidence
seems to have been overlooked; and while we concur in
the opinion expressed in that case, that the knowledge of
an individual as to a particular fact cannot, as matter of
law, be inferred from the mere circumstance that it is
generally known in his neighborhood, we feel equally as
well satisfied, that if a fact is notorious in a neighborhood,
this is a circumstance tending to show notice of the fact
to a person residing there; and it is therefore relevant
testimony for that purpose. In other words, it is not a
legal presumption that every fact which is notorious
among a man's neighbors is known to him; but the
existence of the fact being first shown, its notoriety in a
particular neighborhood tends to show, and when coupled
with other evidence might induce the belief, that a person
residing there had knowledge of it.—Price v. Mazange &
Co., supra; Cook v. Parham, 24 Ala. 21; Ward v. Hern-
don, 5 Porter, 382; Lawson v. Orear, 7 Ala. 784; Bank
v. Parker, 5 Ala. 731; 1 Greenl. Evidence, § 138, note;
Brander v. Ferridy, 16 Louisa. 296; Bartlett v. Decreet,
4 Gray, 111.

In several cases decided in this court, it is held, that
where a witness has been so situated, that if a fact, noto-
rious and ostensible in its character, ever existed, he
would probably have known it, his want of knowledge is

some evidence, though slight, that it did not exist. Thomas v. Degraffenreid, 17 Ala. 602; Nelson v. Iverson, 24 Ala. 9; Crow v. Blakey, at this term. It is obvious, that the principle on which these decisions rest is, that if the existence of a fact is shown, and it is also proved that a party was in a situation and had opportunities to know of it, this is evidence tending to prove that he did know of it. The rule is, that evidence having any tendency, however slight, to prove a particular fact, is competent to be submitted to the jury to show that fact.—Eaton v. Welton, 32 N. H. 352.

The judgment of the circuit court is affirmed.