MARTIN GALLAGHER *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield March 23, 1887.*

120 180
24a 260

120 179
29a 59

120 179
135 440
34a 482

120 179
45a 71

120 179
164 384

1. CRIMINAL LAW—*prosecutions in the county court—by information.* Under the statute, all offences cognizable in the county court must be prosecuted by information of the State's attorney, Attorney General, or other person.

2. SAME—*indorsement of probable cause, by county judge—and herein, when an information is that of the State's attorney.* Where an information is presented by any person other than the State's attorney or Attorney General, the county judge must indorse thereon that there is probable cause for filing the same.

3. Where an information is filed by the State's attorney in his name, and it is signed by him, the fact that it is accompanied by an affidavit of a private person that the matters therein stated are true, will not render the information that of the latter, so as to require the indorsement thereon of probable cause, by the county judge.

4. EVIDENCE—*as to proof of the habit of becoming intoxicated.* In a prosecution for selling intoxicating liquor to a person in the habit of becoming intoxicated, there is no error in allowing witnesses to testify to the habit of such person as to becoming intoxicated, when they are able to speak from their own personal observation, and have had opportunities of knowing such person's habits in the respect named.

5. SAME—*of opinions or conclusions of witnesses as direct evidence.* As a general rule, it is not proper to admit in evidence the opinions or conclusions of witnesses; but whether a person possesses a certain habit, is rather a question of fact, than of opinion or conclusion. It respects a person's condition, as to which witnesses are often allowed to speak without being confined to a narration of the particulars which go to constitute the condition.

6. Under proper circumstances, a common witness may testify directly as to sanity, solvency or insolvency; as to a person being sick or in pain; or whether a person was drunk or sober; or whether a horse is a safe and kind animal.

7. INSTRUCTION—*as to what proof will establish the fact of habitual intoxication.* On a prosecution for selling intoxicating liquor to a person in the habit of becoming intoxicated, it is a question for the jury to say whether the evidence shows such a habit in such person; and an instruction that it is not sufficient to show that such person has been frequently intoxicated, or to intimate therein that five occasions of intoxication will not justify the finding of habitual intoxication, is properly refused.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the County Court of Schuyler county; the Hon. E. J. PEMBERTON, Judge, presiding.

Mr. H. W. MASTERS, and Mr. OSCAR A. DE LEUW, for the plaintiffs in error:

That it was error to allow witnesses to testify to the fact of a person's habits of intoxication, instead of testifying to the facts, see *Bliss* v. *Wilbraham,* 8 Allen, 564; *Montgomery* v. *Scott,* 34 Wis. 345; *Kelly* v. *Fond du Lac,* 31 id. 179; *Vearhusen* v. *Railway Co.* 53 id. 689; *Enright* v. *Railroad Co.* 33 Cal. 230; *Sowers* v. *Dukes,* 8 Minn. 23; *Crane* v. *Northfield,* 23 Vt. 126.

If opinions are founded on legal evidence, that evidence ought to be laid before the jury, whom the law presumes to be at least as capable as the witnesses of drawing from them any inferences that justice may require.   2 Best on Evidence, 364, *et seq.; Railroad Co. v. Moffit,* 75 Ill. 529; *City of Chicago v. McGiven,* 78 id. 349.

The information should have been quashed, because filed by a private person, without the indorsement of the judge. *Myers v. People,* 67 Ill. 510; *Carrow v. People,* 113 id. 550.

The defendants had the right to have the jury fully and fairly instructed as to the law of the case; and this court has put a construction upon the meaning of the statute as to who is a person in the habit of getting intoxicated. *Murphy v. People,* 90 Ill. 59.

Mr. W. M. VANDEVENTER, State's attorney, and Messrs. GRAY & WAGGONER, for the People:

The information was by the State's attorney, and required no indorsement of the county judge.   Rev. Stat. (Starr & Curtis' ed.) chap. 37, sec. 117; *Myers v. People,* 67 Ill. 503.

Whether a person possesses a certain habit, is a question of fact, to which any person knowing may testify.   Abbott's Trial Evidence, 778; *Stanley v. State,* 26 Ala. 26; *Elam v. State,* 25 id. 56; *Spear v. Drainage Comrs.* 113 Ill. 634; *Bank v. Rutland,* 4 Shaw, (Vt.) 414; *Sydleham v. Beckwith,* 43 Conn. 13; *People v. Eastwood,* 14 N. Y. 566; *Dahneer v. State,* 56 Miss. 789; *Mapes v. People,* 69 Ill. 530.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This writ of error is prosecuted from a judgment of the Appellate Court for the Third District, affirming a conviction. of the plaintiffs in error, in the county court of Schuyler county, of the offence of selling intoxicating liquor to persons in the habit of getting intoxicated.

The proceeding was by information. A motion was made in the trial court to strike the information from the files, which the court overruled. It is insisted there was error in this. Under the statute, all offences cognizable in the county court must be prosecuted by information of the State's attorney, Attorney General, or some other person. (Rev. Stat. p. 343, sec. 182.) And it provides, that where the information is presented by any person other than the State's attorney or Attorney General, the county judge shall indorse thereon that there is probable cause for filing the same. It is contended that the information is that of one Charles S. Phelps, because his affidavit is thereto appended that the matters and things set out in it are true, and so, that the information was improperly filed, not having the required indorsement thereon of the county judge. There is nothing in the point. The information is presented by the State's attorney. It so states in the beginning, and is signed by him. The affidavit would seem to have been in accordance with an observation which was made in *Myers* v. *The People*, 67 Ill. 510, that no warrant should be issued upon an information without affidavit. But the affidavit does not make the paper the information of Phelps.

It is also insisted, the court erred in permitting the question, and answers of witnesses, that individuals charged to be persons in the habit of getting intoxicated, were in such habit. The general rule, it is true, forbids the opinions or conclusions of witnesses from being given in evidence; but whether or not a person possesses a certain habit, is rather a question of fact than of opinion or conclusion. It respects a person's condition, as to which witnesses are often allowed to speak without being confined to a narration of the particulars which go to constitute the condition. Thus, under proper circumstances, a common witness may testify directly as to sanity, solvency or insolvency; as to a person being sick or in pain; and, as in *The People* v. *Eastwood*, 14 N. Y. 566, whether a

person was drunk or sober; whether a horse was a safe and kind horse. *Sydleman* v. *Beckwith*, 43 Conn. 13, where is quite a collection of instances where common observers, not experts, may give their opinions. In *Stanley* v. *State*, 26 Ala. 26, and *Elam* v. *State*, 25 id. 56, the allowance of this precise direct evidence of intemperate habits was sustained. The testimony here objected to was all given from the witnesses' own personal observation, showing they had opportunities of knowing the habits in respect to intemperance of which they testified. We find no error in the admission of the evidence.

The refusal of the second and third instructions asked by the defendants is assigned for error. The court had instructed the jury, at the instance of the defendants, that the persons named in the information must have been in the habit of getting intoxicated at the time of the sale, and that whether they were in such habit, was a question for the jury. It would have been inconsistent therewith, and improper, to have told the jury, as asked by the second refused instruction, that it was not sufficient to show that the persons had been frequently intoxicated, or to have given the court's intimation, conveyed by the third refused instruction, that five occasions of intoxication would not justify the finding of habitual intoxication. These instructions were properly refused.

We see no reason for interference with the verdict, as not being sustained by the evidence.

The judgment will be affirmed.

*Judgment affirmed.*