## ESTES A. KING *vs.* JAMES C. FROST.

### November 11, 1881.

Evidence—Declarations of Person in Possession of Property.—Action for the wrongful conversion of the personal property of plaintiff. Defendant denies plaintiff's title, alleges title in H., and justifies the taking as sheriff under process against the property of H. Plaintiff having introduced evidence tending to show that he owned the property and loaned it to H. for temporary use, the defendant offered to introduce in evidence in his own favor the statements of H. while in possession of the property made to third parties, and not in presence of plaintiff, to the effect that he (H.) was the owner. *Held,* that such declarations of H. were mere hearsay evidence, and not admissible against plaintiff.

This action was brought in a justice's court, and an appeal taken by defendant, on questions of law and fact, to the district court for Anoka county, where the action was tried before *Young,* J., and a jury, and a verdict rendered for defendant. A new trial was refused, and the plaintiff appealed. The case is stated in the opinion.

*Geo. R. Robinson,* for appellant, cited 1 Phillips Ev. 185; 1 Greenleaf Ev. §§ 108, 110; Starkie Ev. 89; *Phillips* v. *Eamer,* 1 Esp. 357; *Barnes* v. *Mobley,* 21 Ala. 232; *Nelson* v. *Iverson,* 24 Ala. 9; *Murray* v. *Bethune,* 1 Wend. 190; *Enos* v. *Tuttle,* 3 Conn. 247; *Furman* v. *Tenny, ante,* p. 77.

*W. Hammons,* for respondent.

MITCHELL, J. This is an action for the wrongful conversion of a carriage or buggy, alleged to be the property of plaintiff. Defendant denies the title of plaintiff, alleges title in one James Huntoon, and justifies the taking as sheriff under legal process against the property of Huntoon. On the trial, plaintiff introduced evidence tending to show that he purchased the property of the Novelty Carriage Works, in Minneapolis, and subsequently loaned it to Huntoon for temporary use. The defendant, to maintain his defence, offered to prove that Huntoon, while the property was thus in his possession, had stated to third parties that he was the owner of the buggy.

v.28—27

These statements were not claimed to have been made in the presence of the plaintiff. This evidence was, upon objection of plaintiff, excluded, and defendant excepted.

This evidence was mere hearsay, and was properly excluded. The relations of the parties must be borne in mind. Plaintiff does not claim under Huntoon. Defendant, by virtue of his process, claims through Huntoon, and is endeavoring to avail himself of the title of the latter, and he now proposes to introduce against plaintiff, and in his own behalf, the unsworn statements of Huntoon, under whom he claims to derive title, made in his own favor. A party cannot be allowed thus to manufacture evidence in his own favor, or in favor of those claiming through or under him. Some of these declarations of Huntoon were testified to by one witness before any objection was interposed. This testimony was, on motion of plaintiff, stricken out by the court. There was no error in so doing, especially as it does not appear that the plaintiff had any opportunity to interpose an objection before the evidence was given. For anything that appears, this evidence might have been a mere volunteer statement of the witness. The other points made in the court below are not urged here, and were clearly not well taken.

Order affirmed.