HIRAM T. HORTON vs. CHARLES H. CHADBOURN.

December 22, 1883.

Impeachment of Witness—Character for Veracity.—The character of a witness for truth and veracity cannot be impeached by evidence of the individual opinions or declarations of the party calling him, to the effect that such witness is unworthy of belief.

Same—Contradictory Statements out of Court.—Where it is sought to impeach the credit of a witness by self-contradictory statements made out of court, the foundation must be laid therefor by the proper preliminary inquiries of the witness himself.

Same—Statements in Writing—Secondary Evidence.—And where such impeaching evidence is contained in a letter or other writing of the witness, its production may be insisted on in justice to the witness, and the omission to produce it cannot be supplied by evidence of the extrajudicial admission of its contents made by a party to the suit. If the paper is lost, this fact must be first satisfactorily established, as in other cases, before secondary evidence can be received.

Appeal by defendant from a judgment of the district court for Olmsted county, where the action was tried by *Start*, J., and a jury.

*Chas. C. Willson*, for appellant.

*Jones & Gove*, for respondent.

VANDERBURGH, J.   This action was brought by plaintiff to recover the price of a harvesting machine to which he alleges the title had failed, and which he claims had previously been sold to one Cissell. Two questions only are raised: (1) It was a material question on the trial of the cause whether Cissell, who was a witness, had actually consummated the purchase of the machine, and whether his evidence was true or wilfully false.   To impeach him, the defendant offered to prove that plaintiff had said of him that he was a liar, and he would not believe him.   (2) Defendant also offered to prove, by the admissions of plaintiff, that he had received a postal card from Cissell, in which the latter stated he had bought the machine "on condition that Horton, Cowdery, and Hanson should sign the note for it," Cissell having previously testified that the sale was unconditional.   Notice

had also been given plaintiff to produce a postal card "written by Cissell to plaintiff or the firm of Cowdery & Hanson, about August 1, 1880, stating he had bought a Rochester harvester, if plaintiff or said firm would sign the notes," which was served after the trial had begun, and which plaintiff had failed to produce, saying that "he was unable to find such card." The witness Cissell had previously denied, in answer to the interrogatory of defendant's counsel, that he had written a card to Horton in which he said he had "bought a machine if they would sign a note." Both these offers were rejected by the court.

1. The character of a witness for truth and veracity cannot be impeached by evidence of the individual opinions or declarations of the plaintiff or other persons on the subject of his credibility. The inquiry in such cases must be confined to the general character of the impeached witness, and must not, upon the examination in chief, descend to particular facts within the knowledge of the impeaching witness; and what would not be permitted to be asked of a witness on the stand ought not to be allowed to be shown by the extrajudicial declarations of a party to the suit. *Fulton Bank* v. *Benedict*, 1 Hall, (N. Y.) 480; *Clark* v. *Mershon*, 2 N. J. Law, 70; 1 Greenl. Ev. § 461.

2. Where it is sought to impeach the credit of a witness by self-contradictory statements made out of court, it is the rule, in justice to the witness and to enable him to give his best recollection of the subject under inquiry, where the alleged statements are oral, to lay the proper foundation by first directing his attention to the time, place, person, or other material fact connected with the supposed contradictory statement, and giving him an opportunity to explain. It would not be proper, therefore, to dispense with these preliminary questions by allowing evidence of the extrajudicial admissions of a party to the suit. For a similar reason, where the impeaching evidence sought to be introduced is contained in a letter or other writing of the witness, the writing must be produced and shown to him, and upon the issue of his credibility its production is not to be excused because of any outside admissions of its contents which may have been made by the party calling him. 1 Greenl. Ev. §§ 88, 462.

If the paper is lost, this fact must first be established before secondary evidence can be received. We are unable to say, from the brief statement in the record before us, that the trial court erred in holding that the proper foundation was not laid for the introduction of secondary evidence of the contents of the alleged writing in this case. Apart from the question whether the writing whose contents were sought to be shown was sufficiently identified, in the questions propounded to the witness, with that which was described in the notice to produce served on plaintiff, it does not appear whether there was or was not a reasonable opportunity on plaintiff's part to produce the writing, or make a proper search therefor, or whether defendant used due diligence in the premises. Under the circumstances it will not be presumed that the court exceeded the proper limits of the discretion which it was entitled to exercise in deciding such preliminary questions upon the proof offered.

No error is apparent upon the record, and the judgment is affirmed.

MITCHELL, J. I concur in the decision of the case, but prefer to place it upon the ground that the rules governing the impeachment of witnesses have been established, not exclusively for the benefit of the parties to the action, but also, and perhaps chiefly, for the protection of the witness himself, and therefore he cannot be impeached by mere hearsay evidence, although it may consist of the statements of the party who called him.