November 9, 1888.

**Sale, whether to Plaintiff or to Another.**—Evidence in the case examined, and *held* not to justify the order of the trial court directing a verdict for plaintiff.

Appeal by defendant from an order of the district court for Hennepin county, refusing a new trial, after a trial before *Young, J.,* and a jury, and verdict directed for plaintiff.

*Thomas Canty,* for appellant.

*E. A. Campbell* and *J. E. Waters,* for respondent.

COLLINS, J.   The dispute here is as to the ownership of certain saloon fixtures and furniture, which came into defendant's possession as the assignee of M. J. Fitzgerald, an insolvent.   The plaintiff, who is Fitzgerald's cousin, claims that the fixtures were sold to her by one Schurch; while defendant contends that the sale by said Schurch was to Fitzgerald, instead of to the plaintiff.   It seems to be admitted that a bill of sale was made to plaintiff by Schurch; that afterwards the fixtures were placed in a room which was fitted up, and for about three years—until the assignment—kept, as a saloon.   The plaintiff insists that, in addition to buying the fixtures, she paid for and owned the furniture and other belongings about the premises, not included in the purchase from Schurch.   It is also conceded that Fitzgerald leased the room from its owner; that the necessary licenses for the traffic were taken out by him; that he annually listed the property for taxation as his own; that he repeatedly insured it as his; that he alone conducted the business; and that finally, when making out the verified inventory required by the terms of the insolvent act, he included the property in controversy as part of his estate.   Schurch testified, when called by defendant, that plaintiff's husband (her agent) and Fitzgerald were together when the fixtures were purchased of him, the former paying thereon $25; that the balance was to be paid upon the return of the husband from the east; that later he took Fitzgerald's note for the bal-

ance of the purchase, which note was paid by Mr. Dailey after his return. There can be no doubt upon the evidence but that the plaintiff took the bill of sale, and provided the money which was used in furnishing and fitting up the saloon, and that her husband disbursed it; and this fact seems to have actuated the trial court when it ordered a verdict for plaintiff. But assuming this to be true, as we must, it does not incontrovertibly follow that she did this as a purchaser. The defendant might well insist that the whole case, when properly before the jury, would show that his assignor really made the purchase from Schurch; that in truth plaintiff loaned him the money for the purpose, or that there was a partnership between the plaintiff and Fitzgerald, made manifest by the manner in which the latter was permitted to conduct the place, to manage and control the property, and to use it, without compensation, for the period of three years, all of which time it must have steadily decreased in value; or that some other relation actually existed between these parties, totally inconsistent with plaintiff's present attitude.

From the foregoing it seems hardly necessary to express our views at length upon the many rulings made upon the admissibility of testimony. If it is clear that, upon the question of ownership, the defendant is not absolutely concluded by the uncontradicted testimony of plaintiff's witnesses that she actually paid for the property, it follows that any testimony which tends to show that, if she did, it is not certain that she was, in fact, its purchaser, is competent and should have been received. Again, it is obvious that if Fitzgerald asserts, upon the witness stand, that the property has belonged to plaintiff from the time it was purchased from Schurch, or put into the place of business, and has elsewhere stated to the contrary, a familiar rule of evidence will permit, if a proper foundation is laid, the admission of such statements as tending to impeach. The question at issue, the real ownership of the property, should have been submitted to the jury.

Order reversed.