NELLIE DAILEY *vs.* WILLIAM LINNEHAN.

January 3, 1890.

**Personal Property — Possession, etc., as Proof of Title.** — Where personal property in his possession is assigned by an insolvent for the benefit of his creditors, and the same is thereupon claimed by a third party, evidence of long-continued possession by the assignor; that he used the same as his own; that he insured it and paid taxes on it, and claimed and treated it as his own,—is competent on the question of title and of the validity of the claim of such third person.

Replevin brought in the district court for Hennepin county. At the trial, before *Rea*, J., the jury found for defendant and assessed the value of the property at $2,000. Plaintiff appeals from an order refusing a new trial. A former appeal is reported in 39 Minn. 346.

*E. A. Campbell* and *J. E. Waters*, for appellant.

*Thomas Canty*, for respondent.

VANDERBURGH, J. It was held on a former appeal in this case (39 Minn. 346; 40 N. W. Rep. 250) that the evidence produced on the previous trial upon the disputed question of ownership of the goods in controversy was for the jury. Upon a new trial the case was submitted to the jury, and resulted in a verdict for the defendant. The property, being saloon fixtures and furniture, was in the possession

of one Fitzgerald, and was attached as his, and he, being insolvent, thereupon assigned the same to the defendant for the benefit of his creditors. The fixtures were purchased of the former owner on the joint application of Fitzgerald and Frank Dailey, plaintiff's husband. The evidence in plaintiff's behalf tends to show that a note for the purchase-money was first given by Fitzgerald, but the money was afterwards advanced by Dailey, who testifies that it was derived from a mortgage upon his homestead, and that he bought the property for his wife, and that it was hers. This is the evidence of her title. The evidence, however, also tends to show that the property was delivered by the seller to, and retained in the possession of, Fitzgerald, and used by him in a saloon of which he was proprietor, and for which he held a lease and a city license, and was held and treated by him as his own, and was continually taxed and insured as his. He had held possession in this way nearly three years when the assignment was made. In the mean time he paid nothing to plaintiff for the use of it, nor is there any evidence that any claim to the property was made by her, or on her behalf, before the assignment was made. The same witness, Frank Dailey, testifies that it was bought to help Fitzgerald, and that he expected the latter would make enough out of the saloon to reimburse him. The nature of the transaction, or what the understanding was as between him and Fitzgerald, is not clear from his own evidence; and all the evidence that the plaintiff (his wife) owned the property is his testimony that it was hers, and that she consented to the mortgage of the homestead. The circumstances of the sale, the delivery of the property to Fitzgerald, his control over it, and his acts and dealings with it, in connection with and characterizing the possession, being the usual *indicia* of ownership, were properly received in evidence. We think this was peculiarly so in this case, because the plaintiff's evidence left it altogether uncertain what the relation between her and Fitzgerald was in respect to the property. It was fitted up specially for his saloon; there was no lease of it, or charge made or contemplated for its use by him. He was permitted to use it, and did use it, as his own for years. Under such circumstances, and as against the claims of creditors, it is proper that a claim of title like that of

plaintiff should be carefully scrutinized and satisfactorily made out, and the jury are entitled to consider all the facts and circumstances connected with the title and possession of the debtor in determining the question of the good faith and validity of the plaintiff's claim.

We discover no error in the rulings of the court of which plaintiff can complain, and think the case was properly submitted to the jury. The plaintiff was concluded by the admissions in the pleadings as to the value of the property, and the court properly so instructed the jury.

Order affirmed.