CAROLINE LEHMANN v. CHARLES E. CHAPEL.[1]

December 20, 1897.

Nos. 10,893—(63).

**Fraudulent Conveyances—Vendor in Possession After Sale—Evidence — Declarations of Vendor — Debtor in Possession by Consent of Ostensible Vendee.**

Where the vendor, with the consent of the vendee, remains in possession after sale, his declarations while thus in possession, tending to characterize the possession, are admissible in evidence as part of the res gestæ against the vendee, and in favor of the creditors of the vendor who are attacking the sale as fraudulent. The same rule applies where the vendee has ostensibly acquired title from a third party, and the debtor has, with his consent, taken and continued in possession, and creditors are assailing the title of the vendee as merely colorable, and held in secret trust for the debtor.

Appeal by defendant, sheriff of Ramsey county, from an order of the district court for Ramsey county, Kelly, J., denying defendant's motion for judgment in his favor notwithstanding the verdict for plaintiff or for a new trial. Reversed.

*O. H. O'Neill,* for appellant.

There was no evidence of title in plaintiff and her bare statement will not sustain a verdict against the undisputed facts. Smith v. Barclay, 49 Minn. 365; Olson v. Swensen, 53 Minn. 516. When a third person is in possession of property his statements as to its ownership or for whom he holds it are not hearsay, but are a part of the res gestæ and competent evidence. Elwood v. Saterlie, 68 Minn. 173, and cases cited; Willies v. Farley, 3 Car. & P. 395.

*John H. Ives,* for respondent.

A party can testify that he is the owner of the property in dispute. Abbott, Tr. Ev. 623, § 3; DeWolf v. Williams, 69 N. Y. 621; Walsh v. Kelly, 27 How. Pr. 359; Nelson v. Iverson, 24 Ala. 9. It was proper to show the circumstances under which plaintiff's husband took possession for the purpose of showing he was there

[1] Reported in 73 N. W. 402.

as her agent. Hall v. Young, 37 N. H. 134, 144. Evidence that Miesen wanted plaintiff to buy the saloon was proper, her good faith being challenged. Hannis v. Hazlett, 54 Pa. St. 133; Bank v. Kennedy, 17 Wall. 19, 25.

MITCHELL, J.

This was an action to recover damages for the wrongful conversion of a saloon stock, consisting of liquors and cigars, which plaintiff alleged was her property. The defendant denied that the goods were plaintiff's, alleged that they belonged to her husband, and justified the taking under an execution against him. Plaintiff testified that she bought the stock and paid for it with her own money, and put her husband in possession of the property and of the saloon business as her agent. The evidence on part of the defendant showed that the husband was in the possession, control and management of the property and business, with all the indicia of ownership; that the lease of the saloon building and the liquor licenses, both city and federal, were in his name; that his name was on the window of the saloon; that goods bought to replenish the saloon stock were, so far as appears, always consigned and billed to him, and bills of goods thus bought made out in his name and rendered to him. The evidence was also undisputed that the plaintiff never examined the stock before the alleged purchase; that she knew little or nothing about the saloon business; that she paid no attention to it after the purchase, and knew nothing as to what was being bought for the saloon or, except in a very general way, as to how the business was being conducted.

A witness who had testified to having had a conversation with the husband in the saloon while he was thus in possession and control was asked, "Was anything said between him and you in reference to who owned the saloon at that time?" To this question plaintiff's counsel objected, and the objection was sustained. We are of opinion that this was error. It is true that the question was merely preliminary, but by its exclusion all further inquiry was shut off. In determining the competency of the evidence sought to be elicited it must be kept in mind that the material issue was whether the property actually belonged to the plaintiff, her hus-

70 M.—32

band·being in possession merely as her agent, or whether, as the attaching creditor claimed, the transfer to the wife and pretended agency of the husband were merely colorable, the property being in fact the husband's and his possession really in his own right.

It may be safely laid down as a general rule that, when the nature of a person's possession is a material subject of inquiry, his acts and declarations accompanying and characterizing the possession, are admissible as part of the res gestæ. A familiar illustration of the application of this rule is where a party is claiming title by adverse possession, and the question is whether his possession was adverse. Brown v. Kohout, 61 Minn. 113, 63 N. W. 248. Another is where the question is under whom a tenant in possession was holding. There is no occasion at this time to enter upon any general discussion of the doctrine of res gestæ, which is one of the most difficult subjects in the law, and one which calls for the exercise of the keenest discrimination. Neither shall we attempt to consider generally the application of, or the limitations, if any, to, the rule just announced.

It is sufficient for present purposes to say that, under that rule, according to the general consensus of the authorities, where a vendor has, with the consent of the vendee, remained in possession of the property after the sale, and the creditors of the vendor are attacking the sale as fraudulent, the declarations of the vendor while thus in possession are admissible in evidence against the vendee as part of the res gestæ, as characterizing the possession. Wait, Fraud. Conv. § 279, and cases cited; Bump, Fraud. Conv. § 600; Rice, Ev. 950; Wharton, Ev. § 1116; Dailey v. Linnehan, 42 Minn. 277, 44 N. W. 59.

All the authorities agree that the fact of the vendor's possession after the sale is competent evidence; for it is as old as Twyne's case that possession by the vendor after sale, with the consent of the vendee, is a badge of fraud or a secret trust in favor of the vendor; and, if the fact of possession is competent, it would seem logically to follow that any acts or declarations of the vendor while thus in possession, tending to characterize it, must also be competent. Many of the authorities place the admissibility of such evidence upon the ground that, so long as the debtor grantor remains in

possession, the res gestæ of the fraud may be considered as still continuing and in progress; but, whatever be the precise ground upon which it is put, the rule is now well-nigh universal that such evidence is admissible as part of the res gestæ, to characterize the possession.

This question has generally arisen between the vendee and the creditors of the vendor, where the former had permitted his vendor to remain in possession after the alleged sale; but there is no reason why the same rule should not be applied to cases analogous in principle, although involving a somewhat different state of facts. The mere fact that the alleged title of the wife came from a third party does not alter the case.

The husband went into, and continued in, possession with her consent. That possession was evidence of fraud and of a secret trust in favor of the husband, the same as if the wife's pretended title had been derived from him. We are referred to King v. Frost, 28 Minn. 417, 10 N. W. 423, and Olson v. Swensen, 53 Minn. 516, 55 N. W. 596, as holding in accordance with the contention of the respondent. Our own decisions on the question under consideration may be subject to the same criticism as those in most other jurisdictions, viz. of not being always entirely consistent. In fact, the modern tendency is to enlarge rather than restrict the field of evidence, and there is no more striking example of this than the phase of the doctrine of res gestæ which we have been discussing. In neither of the cases cited does the question seem to have received much consideration, and no authorities are cited, except a dissenting opinion from another state, and in so far as they hold differently from the rule here announced they cannot be followed. Dailey v. Linnehan, supra, is exactly in point, and is in accord with the almost unbroken line of decisions in other jurisdictions. It is true that in that case the evidence admitted was acts of the party in possession, but there is no distinction in principle between acts and declarations accompanying and characterizing the possession.

Order reversed.