CATHERINE A. CHRISTIAN and Another v. LOUIS V. KLEIN.

June 22, 1899.

Nos. 11,642—(138).

### Conveyance to Wife—Action to Enforce Lien of Judgment against Husband—Evidence—Fraud.

In an action by a judgment creditor to have his judgment declared a lien upon a farm conveyed to the debtor's wife, upon the ground that he paid the purchase price, and that it was conveyed to the wife in trust for his benefit, to defraud his creditors, it is *held*, that it was error to exclude evidence to the effect that after the conveyance, and while the debtor was in possession of the farm, he made permanent improvements thereon, and paid for them with his own money.

Action in the district court for Wright county against Christina Westphal and Louis V. Klein, impleaded with her, to have certain land adjudged subject to the lien of plaintiffs' judgment. At the opening of the trial, before Tarbox, J., the action was dismissed as to Christina Westphal. The court found in favor of defendant Klein; and from an order denying a motion for a new trial, plaintiffs appealed. Reversed.

*Brown, Reed, Merrill & Buffington,* for appellants.

*Hendrix & Merritt,* for respondent.

START, C. J.[1]

The plaintiffs, as judgment creditors of Herman Westphal, brought this action to have the judgment declared a lien upon a certain farm in Wright county, on the ground that the judgment debtor paid the purchase price of the land, and that it was conveyed first to his brother-in-law, and then by the latter to his wife, Christina Westphal, in trust for his benefit, to defraud his creditors. The action was commenced against the wife in August, 1895, and notice of lis pendens filed, but the action was not tried until nearly three years thereafter. In the meantime a receiver in insolvency of the estate of the wife was appointed, and the farm sold by the receiver to the defendant Louis V. Klein, who was then made a defendant to this action, and appeared and answered. The action, at the commencement of the trial, was dismissed as to Mrs. Westphal The trial court made its findings of fact, which were to the effect that no part of the purchase price of the farm was paid by the judgment debtor, and that the conveyance was not made for the purpose of defrauding his creditors, and ordered judgment for the defendant on the merits. The plaintiffs appealed from an order denying their motion for a new trial.

Two general questions are presented for our consideration by the record. They are, that the findings of fact are not justified by the evidence, and that the trial court erred in excluding certain evidence offered on the trial by the plaintiffs. The evidence relied upon to sustain the findings of fact is not entirely satisfactory, but,

[1] CANTY, J., took no part.

as there must be a new trial for error in excluding material evidence, we forbear to discuss the evidence.

The judgment debtor, Herman Westphal, was called as a witness by the plaintiffs, and testified, in addition to other matters, that he bought the farm for his brother-in-law, H. W. Glitschka, who then lived in North Dakota, and paid $400 on the purchase price out of the ice business in Minneapolis, which he was then conducting for Glitschka, who gave a mortgage on the farm for the balance of the purchase price; that he was in possession of the farm during the years 1893 and 1894, and paid for the improvements thereon out of the ice business; that he was not running the ice business in 1895; that the farm was deeded to his wife December 30, 1894; that he told Glitschka to deed the farm to his wife at once, which was done; that he kept the deed for a week, and then told his wife he had it, which was the first that she knew about it. He further testified as follows:

"I worked the farm in 1895; plowed and put in some crops; cleared up a little; built up some fences; shut up one well, made another; moved the house, which stood in the hole before, and we moved it up on the hill. Q. Who paid for the improvements that you put on the farm in 1895? (Objected to as incompetent, irrelevant, and immaterial. Sustained. We offer to show that he paid for the improvements that he put on that farm during the year 1895 out of his own individual money that was earned by him during that time. Same objection. Sustained. Exception.) I ran the farm up to last year. Ran it just the same as I had run it before. (We offer to show that during the years 1896 and 1897 he also run that farm, and paid for the work and improvements out of his own individual money. Same objection. Sustained.) The Court: Did you account to Glitschka for the proceeds of the farm? A. No, sir. Q. Did you account to him for the proceeds of the ice business? A. No, sir."

The defendant seeks to sustain the exclusion of the offered evidence on the ground that it related to acts subsequent to the commencement of the action; that the evidence did not disclose the nature of his possession,—whether by lease or otherwise; and that, if he paid for the improvements with his own money, the presumption would be that he was under obligation to do so. If the fact sought to be proved was material, it was immaterial whether it related to acts done while in possession of the land before or after the

commencement of the action.    If there were any facts which would rebut any inferences as to his having an interest in the land, which might otherwise be drawn from the fact offered to be proved, it was incumbent on the defendant to give them in evidence.    The court could not assume their existence.    Where, as in this case, fraud is the issue, great latitude should be allowed in the admission of the evidence to prove it.    The offered evidence related to the acts of the judgment debtor while in possession, tending to characterize his possession of the farm, and was material and competent.    It was reversible error for the trial court to exclude the evidence.    See Murch v. Swensen, 40 Minn. 421, 42 N. W. 290; Cortland Wagon Co. v. Sharvy, 52 Minn. 216, 221, 53 N. W. 1147; Lehmann v. Chapel, 70 Minn. 496, 73 N. W. 402.    It was held in the last case cited that the mere fact that the alleged title of the wife, as in this case, came from a third party, does not change the rule that such evidence is admissible.    It is true, as claimed by defendant, that the cases cited are cases relating to personal property, but the principle applies to real as well as to personal property.    Bishop, Fraud. Conv. § 600. The evidence offered should have been received by the trial court, and considered with all the other evidence in the case.

Order reversed, and a new trial granted.