M. W. McDONALD v. LOUISE H. BAYHA and Others.[1]

July 29, 1904.

Nos. 13,960—(183).

**Conversion.**

Any act of dominion wrongfully exerted over one's property in denial of his rights, or inconsistent with them, is a conversion, and it is not necessary to a conversion that there should be a manual taking of the thing in question.

**Impeachment of Witness.**

Where it is material to impeach the statements of a witness by proof of his admissions in a letter or other writing, he is entitled, on request, to have the writing first produced for his inspection, that he may have an opportunity to understandingly explain his statements therein.

**Evidence.**

The statement of a third person in possession of property, in a suit for conversion, as to the grounds upon which such possession is retained, is competent evidence, when material:—It is part of the res gestæ.

Action in the district court for St. Louis county to recover $4,512.92 for the conversion of household furniture. The case was tried before

[1] Reported in 100 N. W. 679.

Cant, J., who found in favor of defendants. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*H. B. Fryberger,* for appellant.

*Davis & Hollister,* for respondents.

LOVELY, J.

This is an action to recover upwards of $4,000 of household furniture. The complaint alleged the ownership and right to possession by the plaintiff, and a conversion by defendants. The answer was a general denial. Upon the issue thus joined the cause was tried to the court, who found that the allegation of conversion of plaintiff's property by defendants was not proved, and ordered judgment for them. There was a motion for a new trial, which was overruled. Plaintiff appeals.

It appears from the evidence that plaintiff, having occasion to furnish a home in Minneapolis, recently completed by him, arranged with the defendants, a firm of furniture dealers in Duluth, through one of the partners, to procure the furniture and thereby avoid a rule of the furniture exchange, which had been established and enforced between the jobbers and the retail dealers generally. By this means plaintiff would obtain a considerable reduction from the retail prices on the large quantity of furniture he desired to purchase. A contract to effectuate this arrangement was entered into between the plaintiff and one partner for the firm, whereby the latter was to have ten per cent. on all goods purchased for plaintiff, and the expenses of the partner to and from Chicago, where he was to aid the plaintiff in making his selections. The plaintiff and the partner went to Chicago, and spent a week in the purchase of furniture of several jobbing houses, most of whom knew of the plan by which the rules of the exchange were to be obviated, and the plaintiff thus secured his furniture for less than the retail rates. The bills of the furniture were made out to the defendant company, and ordered shipped to Minneapolis for plaintiff. Immediately upon the conclusion of the purchases, plaintiff and the partner proceeded to their hotel in Chicago. The partner dictated letters to each of the jobbing houses furnishing the goods, which contained shipping instructions, and were sent by the latter to the persons for whom intended. In these letters were inclosed the plaintiff's check upon the

City National Bank of Duluth for the amount of the purchases, and the shipping instructions merely stated,

Ship
Bayha & Co.
Care M. W. McDonald [plaintiff],
Minneapolis,
Minn.

The plaintiff and partner then returned to Minneapolis. On the way home, trouble arose about the expenses and rights of the defendants to compensation, whereupon the partner, to protect rights, as is claimed, canceled the shipping orders, and directed the vendors to hold the goods, which was done; hence the suit for the alleged conversion of the property, upon the claim that, inasmuch as a large portion of it had been paid for by the plaintiff, the title thereto was vested in him, without reference to the claims for the fulfilment of the agreement between the parties.

Upon the very meager and attenuated findings of fact by the trial court, which disclose nothing further than that there was no conversion, and certain rulings upon the evidence during the trial, we apprehend that the learned trial court did not give sufficient weight to the established principle that actual, manual possession of property is not absolutely essential to justify a suit for its conversion, which a full and complete finding upon the facts would enable this court to have determined more fully than we are able to do upon the record before us. It cannot be doubted that whoever interferes with or stands in the way of the true owner of property asserting and securing his rights to its possession, thereby interfering with the owner's actual rights, subjects himself to the remedy sought to be enforced in this suit. Any distinct act of dominion wrongfully exerted over one's property, in denial of his right, or inconsistent with it, is a conversion. The action of trover being founded on a conjoint right of property and possession, the act of the defendant which negatives or is inconsistent with such right amounts, in law, to a conversion. It is not necessary to a conversion that there should be a manual taking of the thing in question by the defendant. Nor is it necessary that it should be shown that he has applied it to his own use. Does he exercise a dominion over it in exclusion or in defiance of the plaintiff's rights? If he does, that is, in

law, a conversion, be it for his own or another person's use.   Cooley, Torts, 448; Coleman v. Pearce, 26 Minn. 123, 1 N. W. 846; Hossfeldt v. Dill, 28 Minn. 469, 10 N. W. 781.

Counsel for defendants, in cross-examination of plaintiff, who had testified with reference to the purchase and sale of the goods, subjected him to a very rigid questioning as to the contents of certain letters which he had written to the furniture dealers.   These letters were not produced or shown to the witness, and the purpose evidently was to obtain admissions as to the contents of the same, to the effect that he had written of the property as being sold to defendants.   The production of the letters was asked for, but the plaintiff was not allowed to see them, and the court overruled objections to this somewhat inquisitorial course of examination; thus denying witness an inspection of the letters before being required to answer questions regarding their contents.   The orders of the trial court in this respect, by which the suggested admissions were made as to the title of the property in the defendants, without an opportunity to explain the contents of the letters, could not but have been prejudicial.   Where it is sought to impeach the claims of a party, and his statements in respect thereto, by proof of his written admissions signed by him, he should first have his attention directed to the particular writing in question, and given an opportunity to explain.   Horton v. Chadbourn, 31 Minn. 322, 17 N. W. 865; Hammond v. Dike, 42 Minn. 273, 44 N. W. 61.

Upon the further examination of plaintiff, he was interrogated by counsel for defendants as to statements made to him by the Chicago vendors of the property concerning their asserted rights for withholding the same.   Several questions having this tendency were objected to, which objections were sustained by the trial court, and the answers excluded.   The Chicago dealers must be treated, under the evidence previously received, as acting to a certain extent for the defendants in retaining possession of the property; and what reasons they had for doing so, and under what authority they sought to keep the same from the purchaser, were material to show the connection between them and the defendants, and enable the latter to make the proper demand and assert their legal rights.   Under such circumstances, the statement of the possessor of property claimed to have been converted by another, and held by the possessor for the defendant, is admissible as a

part of the res gestæ.   Elwood v. Saterlie, 68 Minn. 173, 71 N. W. 13; Lehmann v. Chapel, 70 Minn. 496, 73 N. W. 402.

Whether rulings of the trial court in the respects above noted would have led to a different conclusion upon the facts, we are unable to determine, but it seems sufficiently probable that it might have done so to require a new trial of the whole action, which, in view of the errors complained of, is granted.

Order reversed and new trial granted.