A. F. CHASE v. M. R. BASKERVILLE and Another.[1]

December 9, 1904.

Nos. 14,074—(98).

**Conversion.**

Personal property was forwarded to a third party, to be delivered to an agent by whom sales were to be made, and the purchase price paid to the consignee. The agent obtained possession of the property without authority of the consignor, and then sold the same in violation of the specific terms upon which such sales were authorized by the owner. *Held*, that an action of conversion therefor might be maintained by the latter against such agent.

**Waiver.**

Under the facts in this case, *held* that the question whether an acceptance of a part of the purchase price constituted a waiver was a question of fact, and it was error to withhold that issue from the jury.

Appeal by plaintiff from an order of the district court for Hennepin county, Simpson, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Reversed and new trial ordered.

*Savage & Purdy,* for appellant.

*H. H. Potter* and *Lee Stover,* for respondents.

LOVELY, J.

Action for the conversion of an automobile, claimed to have been the property of plaintiff, but wrongfully appropriated in opposition to his rights. The conversion was disputed, and the cause tried to the court and a jury. At the close of the evidence a verdict was directed for defendants. There was a motion for a new trial upon the evidence, which was refused. From this order plaintiff appeals.

[1] Reported in 101 N. W. 950.

The testimony tended to show that the automobile was shipped from Minneapolis, with several others, by the plaintiff, who was the manufacturer, to the State Bank of Watertown, South Dakota, with instructions to deliver the same to defendants only on order from plaintiff to enable defendants to sell and deliver. Under the contract between plaintiff and defendants the bank was to have possession and make delivery to purchasers for a specific sum for each machine, which was then to be sent by the Watertown Bank to the Security Bank of Minneapolis for plaintiff. The defendants, in making the sales, were given no authority to handle the property directly, or on any other condition than above stated. Defendants, however, obtained possession immediately on the arrival of the property, but without plaintiff's consent, and sold and delivered the identical machine in suit to a third party, one Mowrey. At the trial it appeared that the automobile was sold by defendants for about half of the amount which, under the terms of the agency contract, defendants were authorized to receive therefor. The money thus received was deposited with the Watertown Bank, which forwarded it to the Minneapolis depositary on plaintiff's account, and the latter had the benefit thereof, but without knowledge or acquiescence of the violation by defendants of the terms and conditions upon which such sale was actually made to Mowrey.

There can be little doubt but the defendants were restricted by the terms of their agency to the sale of the machine upon the delivery of the specified purchase price, but it does not appear that the Watertown Bank had objected to the defendants' taking the property into their possession, although it was done in violation of the contract in that respect, as well as in its unauthorized sale for a price less than permitted therein. It seems obvious that the learned trial court, in directing the verdict for defendants, adopted the view that there must have been a manual taking of the machine and retention of possession by defendants against an assertion of dominion by the plaintiff, but it is now well settled in this state that a person who obtains possession of the property of another in denial of the owner's rights, or disposes of it inconsistent therewith, may, at the election of such owner, be subjected to an action for conversion against the party making such unlawful appropriation. McDonald v. Bayha, 93 Minn. 139, 100 N. W. 679. And it would seem to follow that a sales agent illegally ob-

taining possession of property, whose right to deal therewith is restricted by limitations and conditions, would be liable to an action for conversion if he sold it in violation of his contract with the owner, even though such owner might not be permitted to dispute the title of the purchaser.

Had it conclusively appeared that plaintiff, with knowledge of the facts concerning the sale to Mowrey, had assented thereto, and accepted the money forwarded, it could justly have been claimed that he waived the right to complain, and such waiver might have foreclosed his right to maintain an action against the agent for conversion; but upon the evidence it was not clear that the illegal act of defendants was assented to, or the money received with sufficient knowledge of the true state of facts to justify the court in taking this issue from the jury. Even if there had been a waiver, plaintiff would have a cause of action against the agent for the balance of the purchase price of the machine, and in the action for conversion the defendants could have pleaded in mitigation of damages the amount of money that had been received, and they cannot complain in this proceeding that their failure to do so has entailed loss upon them.

For the error of the court in directing a verdict, the order appealed from is reversed, and a new trial ordered.