LINNA KLOOS v. G. A. GATZ.[1]

January 19, 1906.

Nos. 14,642—(167).

**Conversion.**

Action for an alleged conversion of wheat, which the defendant as sheriff levied upon by virtue of an execution against the husband of the plaintiff. *Held*:

That the evidence was sufficient to take the case to the jury upon the question of such conversion, and that the court erred in dismissing the action at the close of the plaintiff's case.

Action in the district court for Carver county to recover $1,000 for the conversion of certain wheat. The case was tried before Morrison, J., who granted a motion to dismiss the action upon the close of the testimony, and a jury. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*S. R. Child* and *Benjamin Drake, Jr.,* for appellant.

*W. C. & W. F. Odell,* for respondent.

START, C. J.

Action for the alleged conversion of six stacks of wheat by the defendant as sheriff of the county of Carver. The complaint alleged that the plaintiff was the owner of the wheat; that on August 22, 1904, the defendant, as sheriff, unlawfully levied upon it by virtue of an execution in a judgment in favor of Henry Baer against Louis C. Kloos, and thereby converted the same to his own use; that by reason of the levy the plaintiff was prevented from taking possession of the wheat and threshing it; and, further, that on September 22, 1904, the wheat was burned up without fault of the plaintiff. The answer denied the allegations of the complaint, except as therein admitted. It admitted and alleged that the defendant as sheriff levied upon the wheat by virtue of the execution by indorsing thereon a return of the levy and depositing a certified copy of the execution and return in the office of

[1]Reported in 105 N. W. 639.

the town clerk, without taking possession of or removing any of the wheat, and, further, that at the time of such levy the judgment debtor was the owner and in possession of the wheat, which was destroyed by fire, without any fault of the defendant, at the time stated in the complaint. The reply denied the allegations of new matter in the answer.

Upon a trial of the cause in the district court of the county of Carver with a jury, and at the close of the plaintiff's case, the court, upon motion of the defendant, dismissed the action on the ground that the evidence was not sufficient to show a conversion of the wheat by the defendant. The plaintiff appealed from an order denying her motion for a new trial.

The question for our decision is whether the evidence was sufficient to take the case to the jury on the question of the alleged conversion of the wheat by the defendant.

The evidence tended to show: That the plaintiff owned the stacks of wheat which were standing on a tract of land rented by her, containing sixty acres and situated about one-half mile from the homestead of the plaintiff and her husband. That an execution against the plaintiff's husband was delivered to the defendant as sheriff for collection, and with it he went to the home of the plaintiff and asked her if she had some wheat on the sixty acres. She answered that she had. He then asked her how many stacks. The reply was six. He then said he had an execution, and if it was not paid he would have to levy. That on the next day, August 20, 1904, he went to the sixty acres to see what there was in the line of wheat, and saw six stacks of wheat. There was no one there. After this he indorsed a levy upon the execution, which so far as here material was in these words:

> I hereby certify and return that by virtue of the within execution I have on this 20th day of August, A. D. 1904, at the town of Dalgren, in said county, levied on all the right, title, and interest of the within-named defendant in and to the following described personal property, to wit, * * * six stacks of wheat, situated on the west 60 acres of section 10, Dalgren Town

—the wheat in question.

And on August 22, 1904, he filed a certified copy of the execution and return in the office of the town clerk, and also made service on the execution debtor by leaving a similar certified copy at the house where the debtor and his wife, the plaintiff, then resided. That the defendant did not remove any part of the wheat or take it into his manual possession. He did nothing with reference to it, other than as herein stated. That some five days after the levy the plaintiff's husband, acting for her, saw the defendant and asked that the levy be released, so that he could thresh the wheat; but the defendant refused to release the levy. That the husband again saw the defendant on September 2, 1904, and left with him an affidavit of plaintiff's ownership of the wheat, and substantially the same conversation was repeated. Again on September 21, the husband asked the defendant to release the wheat so that he could thresh it. The defendant's reply was to the effect that he could not keep him from threshing, and that he should go on and thresh his grain; that he (the defendant) was not indemnified, and would not come out when he was threshing and get his wheat. That at each time the husband spoke to the defendant about threshing the grain the defendant told him that he could go on and thresh it whenever he saw fit to do so, but he refused to release the levy. Further, that on the night of September 21 the stacks of wheat were destroyed by fire without the fault of either party to this action, and on the next day the defendant left at the house of the judgment debtor a copy of the execution and levy, with a release of the levy indorsed thereon.

In determining whether the evidence made a case for the jury, we must take the most favorable view of the evidence for the plaintiff, which is fairly permissible; and if, considering the evidence in connection with the admissions of the answer, it is found sufficient to have justified the jury, if satisfied of its credibility, in inferring the ultimate fact that the defendant converted the wheat, it follows that the case should have been submitted to the jury. As a general rule any distinct act of dominion exerted over the personal property of another in denial of his right or inconsistent with it is a conversion, although there be no manual taking of the property. 2 Jaggard, Torts, §§ 226, 229; McDonald v. Bayha, 93 Minn. 139, 100 N. W. 679. To constitute a con-

version of the chattels of a third party by an officer levying a writ of attachment or execution thereon it is not essential that he take them into his actual possession, provided there be an assertion of dominion over them and an interference with the owner's right to the possession thereof. Hossfeldt v. Dill, 28 Minn. 469, 10 N. W. 781; Gallagher v. Bishop, 15 Wis. *276; 28 Am. & Eng. Enc. (2d Ed.) 693. It is immaterial in such a case that the officer assumes to levy only on the interest of the execution debtor in the property. Leonard v. Maginnis, 34 Minn. 506, 26 N. W. 733.

In the case of Hossfeldt v. Dill, the sheriff levied upon a growing crop of wheat, claimed by the wife as her own, by virtue of an execution against her husband. The sheriff never at any time had actual possession of the wheat, he having filed a certified copy of the execution and his return in the office of the town clerk. After the wheat was harvested he sold it, against the protest of the wife, by virtue of the execution and levy, to a purchaser who was left to take possession of it for himself. The sheriff, in an action against him by the wife for a conversion of the wheat, claimed that, inasmuch as he had never had the actual possession of the wheat, he had never interfered with her possession, and that she could have disposed of it as she pleased. Therefore he was not guilty of conversion. The question of conversion was submitted to the jury, who found that the sheriff converted the wheat. On appeal to this court it was held that the verdict was sustained by the evidence.

The case cited differs from the one at bar in that the sheriff sold the property on the execution; but in other respects the cases are quite similar, for in each there was no actual possession of the property by the sheriff, and in each the owner, if she were willing to place herself in antagonism to the officer of the law and his process, had the opportunity to take possession of her property. In the case cited importance was attached to the fact that the sheriff assumed to, and did in fact, sell the property. In this case that element is wanting; but the plaintiff, some twenty days before the wheat was destroyed, made and served upon the defendant an affidavit of her ownership of the wheat and demanded a release of the levy, which he refused to do. It is true that he told her agent that he could thresh the wheat, but there was

no consent to release the levy. What was the sheriff's intention or purpose in consenting that the wheat might be threshed, coupled with the refusal to release the levy? This was a question for the jury.

Upon a consideration of the entire record we have reached the conclusion that the evidence was sufficient to require the case to be submitted to the jury, and that the trial court erred in dismissing the action. As there must be a new trial, we refrain for obvious reasons from discussing the evidence.

Order reversed and a new trial granted.