## SHELDON-MATHER TIMBER COMPANY and Another v. ITASCA LUMBER COMPANY.[1]

May 3, 1912.

Nos. 17,542—(111).

**Findings sustained by evidence.**
    Evidence in action for conversion of logs considered, and *held* sufficient to sustain the trial court's findings of fact.

**Conversion of logs — decision sustained by findings.**
    Findings of fact *held* to support conclusion of law that the defendant was guilty of converting the plaintiffs' logs.

**Same — sale to third person.**
    Where a lumber company agreed and undertook to drive certain logs to its hoist, and there scale them and pay for them at a certain price per thousand feet, an unauthorized disposition of such logs to third persons without so scaling them and paying therefor, as provided in the agreement under which it received them, constituted a conversion.

**Unmarked logs not abandoned.**
    Where logs not marked with a recorded mark were delivered to a lumber company under an agreement whereby such company undertook to drive

1 Reported in 135 N. W. 1132.

them to its hoist, where they were to be scaled and paid for, as between the owner of the logs and the company so undertaking to drive them, the logs were not, during the drive "abandoned," within R. L. 1905, § 2580; and the owner of such logs was not precluded from claiming a conversion thereof by such company at its hoist.

**Contractor cannot take advantage of its own fault.**

Where, during the drive, some of the logs were left along the river and failed to reach the hoist, the company, which agreed and undertook to drive them, was, when sued by the owner for a subsequent conversion by disposition thereof to a third party, precluded from setting up an "abandonment," under R. L. 1905, § 2580.

Action in the district court for St. Louis county to recover $1,012.77 for conversion of a quantity of saw logs. The answer was a general denial. The case was tried before Dancer, J., who made findings as set forth in the opinion and as conclusion of law ordered judgment in favor of plaintiffs. From the judgment entered pursuant to the findings, defendant appealed. Affirmed.

*Powell & Simpson,* for appellant.

*Fryberger & Fulton,* for respondents.

PHILIP E. BROWN, J.

Action for the conversion of certain logs, known as the "Cameron logs," and otherwise designated as the "white paint timber," alleged to have been the property of the plaintiffs, but wrongfully converted by the defendant in disregard of the plaintiffs' rights. The alleged conversion was denied, and the cause tried to the court without a jury, and findings made in favor of the plaintiffs. From a judgment rendered thereon the defendant appealed.

The court, after finding the corporate character of the parties, further found as facts: That during the logging season of 1909–1910, one Cameron cut and banked upon the ice of Battle lake, in Itasca county, seventy-five thousand twenty feet of pine timber, all of which was marked on the end of the log with three spots of white paint; that prior to the cutting and banking of the said timber the said Cameron had cut and banked upon the said ice a large amount

of other timber, which the plaintiffs had sold or agreed to sell to the defendant, and which was all duly marked by a mark different from the three spots of white paint above mentioned; that thereafter, and while all of the said timber was so banked on the said ice, it was agreed between the plaintiffs and the defendant that the latter should take possession of the said white paint timber, intermingled as it was with the other timber which the said defendant had contracted to purchase, and drive the same from the point where it should take possession thereof down the Big Fork river to a point thereon where it had its hoist for taking timber from the said river, and there take the same from the river, scale it, and pay the plaintiffs therefor at the rate of $13.50 per thousand feet; that thereafter, and subsequently to the making of such agreement, the plaintiffs purchased the said white paint timber from the said Cameron, and became and remained the owners thereof until the conversion by the defendant took place; that after such purchase by the plaintiffs of the said white paint timber they delivered all of the said timber which they had agreed to sell to the defendant, including the said white paint timber, to the defendant in a boom in Deer lake, Minnesota, where the defendant took charge of the same, and thereafter transported or drove a part thereof down the Big Fork river to its said hoist, took from the river at such point a portion of the said white paint timber, and, without scaling it, or any part thereof, transported it by railroad to the Mississippi river in the vicinity of Deer river, Minnesota; that the balance of the said white paint timber the defendant failed and neglected to drive to its said hoist, and failed to have the same there scaled or taken from the river, but, without the consent of either of the plaintiffs, entered into a contract with the Shevlin-Mathieu Company, relinquishing to the latter all control over that part of the said white paint timber not so removed from the river, together with a large amount of other timber of its own, all of which was then lying in or along the river above the said hoist, and pursuant to such contract the defendant permitted and allowed the said Shevlin-Mathieu Company to take possession of all of the said timber, and to drive the same to its own

mill, and there dispose of it in such manner as it saw fit; that in the said contract between the defendant and the said Shevlin-Mathieu Company it was agreed that the latter should scale the said white paint timber at its mill and pay the defendant the value thereof, for which the defendant intended to account to the plaintiffs for the amount it might so receive therefor; that in the manner above described the defendant converted all of the said seventy-five thousand twenty feet of white paint timber, and that the reasonable value thereof was the sum of $1,012.77.

The only assignments of error in the record which attempt to challenge the above findings are as follows, the first of same being the only one effective for that purpose:

"The court erred in finding as a fact that the defendant relinquished and turned over to the Shevlin-Mathieu Lumber Company a portion of the logs found to have been cut by one Cameron, marked on the end with three spots of white paint, and intermingled with the other timber being driven by the defendant."

"The court erred in finding as a fact that the defendant converted all of the said timber alleged to have been cut by Cameron, and marked with the spots of white paint."

We have carefully examined the record, and hold that the evidence fairly tends to support the said findings.

2. The next question is: Do these findings support the trial court's conclusion of law that the defendant converted the said white paint timber? The facts thus found show (1) an agreement by the defendant to take possession of the said white paint timber, to drive it to its hoist for scaling, and to pay the plaintiffs therefor, and a taking of possession of the said timber by the defendant under such agreement; and (2) the defendant's subsequent violation of its agreement in appropriating the logs which arrived at its hoist, without scaling them as agreed, and its disposition of the remainder, which did not so arrive at the hoist, without the plaintiffs' consent, to the Shevlin-Mathieu Company. Such, then, being the facts, the appropriation which took place at the hoist presents merely the ordinary case of where one in lawful possession of the property of another

exercises, without the consent of the owner, dominion over the same inconsistent with the owner's right of property therein. Such an act constitutes a conversion, and on the facts found the trial court was right in so holding, and also in its order for judgment in the plaintiffs' favor. Merz v. Croxen, 102 Minn. 69, 112 N. W. 890; Chase v. Baskerville, 93 Minn. 402, 101 N. W. 950; McDonald v. Bayha, 93 Minn. 139, 100 N. W. 679; Kloos v. Gatz, 97 Minn. 167, 105 N. W. 639.

3. If no other questions were involved, what we have said above would dispose of this appeal. It was established on the trial, however, that the marks on the white paint timber had not been recorded as provided by R. L. 1905, § 2580, the here material portion of which reads as follows: "All logs and timber found in the waters of any lumber district, not in the possession or under the control of any person, which have no distinctive mark, or marks, which are not recorded in the proper district, shall be deemed abandoned, and shall not be recognized as property by the courts." The defendant's contention is based on the language of the statute above quoted, and the point is made that the evidence established that the plaintiffs had no title to the said white paint timber at any of the times when the alleged conversion occurred, and that for this reason the plaintiffs cannot recover. In other words, the contention is that under the statute the said timber became "abandoned" when it passed out of the boom where the defendant first took possession thereof. But taking, as we must, the findings above set out as true, this contention cannot be sustained.

The section of the statute above quoted was recently considered by this court in Cotton Lumber & M. Co. v. St. Louis River D. & Imp. Co. 115 Minn. 484, 132 N. W. 1126. It was there held that the statute has no application to logs not in the water, or which are in the possession or under the control of any person, and nothing here need be added to what was there said. It appears that the logs which the defendant appropriated at its hoist were under its own control from the time it received them in the boom on Deer lake until its appropriation thereof at the hoist, and hence under the rule in Cot-

ton Lumber & M. Co. v. St. Louis River D. & Imp. Co. supra, the statute manifestly does not apply to the logs there appropriated.

The defendant contends, however, that as the court found the value of all of the said white paint timber, without any attempt to separate the value of that which was taken from the river at the hoist from the value of that which was left along the river, and ordered judgment for the lump sum so found, and that as there is no evidence in the record upon which to base a finding of the separate values, respectively, of the timber which reached the hoist and that which was left behind and subsequently disposed of to the Shevlin-Mathieu Company, the judgment appealed from cannot be sustained, either in whole or in part; and this contention must be sustained, unless it appears that such transaction with the Shevlin-Mathieu Company likewise constituted a conversion of the plaintiffs' property.

The question, then, is: Should the last-mentioned transaction be considered to have been a conversion of the plaintiffs' property? And here again we must consider the findings of the trial court to the effect that the defendant received this timber from the plaintiffs pursuant to an agreement that it would drive the same to its hoist, and that it failed so to do, and thereafter permitted the Shevlin-Mathieu Company to take possession thereof, drive it to its mill, and there dispose of it. Evidently the purpose of the agreement under which the defendant received this timber in the first instance was to insure its safe transportation to the said hoist, and hence it is apparent that, if any of the said timber should be considered "abandoned" within the meaning of the statute, such result would be due directly to the defendant's failure to perform its agreement. How, then, does it lie in the defendant's mouth to urge such an abandonment, or to say that its disposition of the timber thus left along the river was not a conversion of the plaintiffs' property? Manifestly, from our holding with respect to the timber which reached the defendant's hoist, the defendant would be held to have converted the timber now under consideration, if the same had been in its actual possession at the time of its disposition thereof, and, since it cannot be allowed to avail itself of its loss of possession through its own

fault, it must be held liable to the plaintiffs as for a conversion, notwithstanding the so-called abandonment.

Judgment affirmed.