A. K. HANSEN AND ANOTHER v. R. S. SHEPHERD.[1]

January 12, 1923.

No. 23,275.

**Plaintiffs not the owners of Transport trucks and not entitled to recover for their conversion.**

1. Evidence considered and *held* to support the finding that plaintiffs were not the owners of the property in question, and therefore were not entitled to recover.

**Rulings on evidence correct.**

2. There was no error in the rulings on the admissibility of evidence.

Action in the district court for Pipestone county to recover $6,000 for conversion of two Transport trucks. The case was tried before Nelson, J., who made findings and ordered judgment in favor. of defendant. From an order denying their motion for amended findings and conclusions or for a new trial, plaintiffs appealed. Affirmed.

*Milo L. Meeker* and *Krause & Krause,* for appellant.
*Canfield & Michael,* for respondent.

QUINN, J.

Action for the conversion of two Transport trucks, the sole issue being whether plaintiffs became owners of the same through an alleged purchase from one S. J. Bim on December 21, 1920. The cause was tried to the court and findings were made to the effect that plaintiffs were not and never had been the owners of the property, and judgment for costs was ordered in favor of the defendant. From an order denying their motion for amended findings or for a new trial, plaintiffs appeal.

In April, 1920, the King Auto Company was engaged in wholesaling Transport trucks at Mitchell, South Dakota. On the twenty-

[1] Reported in 191 N. W. 599.

sixth day of that month that company entered into an agreement with Bim, who operated a garage known as the Motor Inn at Jasper, in Pipestone county, Minnesota, to sell such trucks in Rock, Lincoln and Pipestone counties, Minnesota, and in certain specified territory in South Dakota; that, at the time of entering into such agreement, Bim signed an order for 8 trucks to be driven from Mitchell to Jasper by May 15, 1920; that 4 of such trucks, including the two in question, were so delivered to Bim at Jasper in June of that year; that in October Bim sold the Motor Inn to the plaintiff Hansen and one Boehmke, and shortly thereafter Boehmke sold his interest therein to Harold Hanson, who thereafter managed the same for himself and the plaintiff Hansen; that when he sold the Motor Inn, Bim had on hand the two trucks in controversy, one of which he stored in the Motor Inn. The other he removed to his place of business at Trosky, Minnesota.

On December 2, 1920, the defendant, as sheriff of Pipestone county, levied upon and took into his possession, under a writ of attachment issued against the King Auto Company, the two trucks in question, and stored the same in the Motor Inn at Jasper for safe keeping. Subsequently a judgment was obtained against the King Auto Company in the attachment proceeding, and on February 19, 1921, an execution was issued thereon and placed in the defendant's hands for collection. On March 9, 1921, he sold the trucks at execution sale, whereupon he paid to the owners of the Motor Inn the sum of $80 for bringing the one truck from Trosky to Jasper and for storage on the two trucks under attachment.

On March 4, five days before the execution sale, plaintiffs caused a notice and demand for possession of the trucks to be served on defendant, claiming to be the owners of the same under and by virtue of a purchase from Bim on December 21, 1920. A reading of the agreement of April 26, and the order for 8 trucks by Bim, discloses that it was not the intention of the parties thereto that title to the trucks should pass until they were paid for. The contract specifically provides that the company will ship vehicles to Bim, with sight draft against bill of lading attached, to be paid, with exchange, upon presentation. Under such circumstances, it is

clear that the intention was that the consignor retain title to the property until the same was in some way settled for by the consignee. The contract gave to the grantee only the right to sell in certain prescribed territory. It does not purport to convey any tangible property whatever. Under such a contract the mere shipping of the property will not vest title in the consignee, nor divest the consignor of title.

The defendant testified at the trial, in effect, that he had a conversation with Mr. Bim shortly after the attachment levy, in which he told Bim of the attachment and asked him whether he had any claim on the trucks, and that Bim said in reply that he did not, that he had never accepted them, and that they belonged to the King Auto Company. Bim being in lawful possession of the vehicles, this testimony was competent. Elwood v. Saterlie, 68 Minn. 173, 71 N. W. 13; Lehmann v. Chapel, 70 Minn. 496, 73 N. W. 402, 68 Am. St. 550; McDonald v. Bayha, 93 Minn. 139, 100 N. W. 679. The witness Iverson corroborated the defendant to the effect that Bim told him that he had never accepted the trucks. In giving his testimony, Bim's memory was, to say the least, very faulty. He was unable to say whether he had ever had such a conversation with the sheriff. He denied knowing, until shortly before the sale, that the trucks had been attached, in the face of the undisputed evidence that they were taken from his possession, and were of the alleged value of $6,000. It is not claimed on behalf of the plaintiffs that, at the time of the attachment, Bim had in any way settled with or paid the King Auto Company for the trucks. The proofs are altogether ample to warrant the findings that the plaintiffs were not the owners of the trucks and therefore were not entitled to recover.

It is unnecessary to review the other questions discussed in the briefs, as the foregoing disposes of the case.

We find no error in the rulings upon the admissibility of evidence.

Affirmed.